BOLIN, Judge.
Devall Purdy filed summary proceedings against his wife, Mary Gertrude Purdy, to evict her from the home occupied by the married couple. Following a hearing, the trial court, without assigning written reasons, rejected plaintiff’s demands and he appeals. We affirm.
The two-page transcript consists of the testimony of Mr. Purdy on direct examination. He testified he purchased the home before his marriage; that he and his wife resided there during the entire marriage; that he had filed separation proceedings against his wife; and that although he no longer wished for her to occupy the premises, she had refused to leave.
The issue on appeal is whether a married man whose separate property serves as the marital domicile can sue his wife prior to a judicial separation to evict her from such property when the wife is occupying the property contrary to the express desire of the husband.
Plaintiff-husband contends a spouse has the right to evict his wife from his separate property at any time and for any reason and that the existence of the marital relationship does not affect this right. Appellant has not cited any law or case directly in support of his argument. He has cited Seeling v. Seeling, 133 So.2d 168 (La.App. 4th Cir. 1961), but in that case suit was filed after a judgment of separation had been obtained by the husband. The fact that a separation had been obtained by the husband prior to the eviction proceedings is a distinguishing factor.
The basic obligations of the marital relationship are set forth in the following articles of Louisiana Civil Code:
Art. 119. The husband and wife owe to each other mutually, fidelity, support and assistance.
Art. 120. The wife is bound to live with her husband and to follow him wherever he chooses to reside; the husband is obliged to receive her and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition.
To allow a husband to evict his wife by summary process from the marital domicile prior to a judicial separation is not only inconsistent with the cited codal articles but is contrary to the Louisiana civil concept of marriage. In the absence of positive law permitting such a proceeding by the husband against his wife, we hold the action is illegal and contrary to the public policy of this State,
The judgment is affirmed at appellant’s cost.