COVINGTON, Judge.
Allen Bridgewater, plaintiff-appellant, filed an eviction rule against his wife, Mattie Lee Johnson Bridgewater, defendant-ap-pellee, for her to show cause why she should not be ordered to vacate his separate property which had been occupied by them as their matrimonial domicile. Following a hearing, the trial court denied plaintiff’s demands for eviction of his wife,[1] and he appeals. We affirm.
The facts were stipulated, and can be briefly stated as follows. On November 22, 1977, plaintiff filed a rule against his wife, seeking to have her evicted, by summary proceedings, from their residence which is the separate property of the husband and served as the matrimonial domicile up to the time they commenced living separate and apart. At the time of the hearing, there was pending before The Family Court, East Baton Rouge Parish, Louisiana, a suit for separation from bed and board, but judgment of separation had not been rendered therein.
The sole issue before this Court on appeal is whether or not a husband is allowed, prior to a judgment of separation, to evict his wife from the matrimonial domicile when the home is the husband’s separate property.
The trial judge, with written reasons, answered in the negative, relying on the case of Purdy v. Purdy, 331 So.2d 868 (La.App. 2 Cir. 1976). We agree with the ruling of the trial judge and with the holding and rationale of the Purdy case.
*220 The judgment is affirmed at appellant’s cost.
AFFIRMED.
CHIASSON, J., dissents and assigns written reasons.

. The judgment permitted plaintiff to use his separate property “to the extent that it does not deprive defendant, Mattie Lee Johnson Bridgewater, of her right to occupy the house as matrimonial domicile until the judgment of separation is rendered between them.”