CUTRER, Judge.
Plaintiff, Ralph J. Racca, Jr., appeals a judgment of the trial court rejecting his claims for partition by licitation.
The sole issue presented in this appeal is whether a parcel of property was a part of the community existing between Ralph Racca and his wife, Armide Breaux Racca, or whether it was the wife’s separate property.
The facts are not in dispute.
On December 5, 1955, Armide Breaux purchased a parcel of property in Lafayette, with improvements, for the sum of $6,485.00. On this same day, she executed a sale and resale of the property to Home Building & Loan Association, creating a vendor’s lien and privilege to secure a note for $4,200.00, payable at the rate of $31.25 per month, including interest. The building and loan account books reflect that the monthly payments were made on the loan until August 10, 1973, at which time the $808.00 balance was paid in full.
Armide married Ralph Racca on May 2, 1958. Racca had divorced his wife, Evelyn Heining, approximately one month before his marriage to Armide.
On May 8, 1968, Armide Breaux Racca executed an affidavit wherein she referred to the property she had purchased before her marriage to Racca and made certain acknowledgments concerning the status of the property and payments therefor.
Racca died July 4, 1975 and Armide died on April 10, 1977.
Plaintiff, Ralph J. Racca, Jr., the sole heir of the marriage of Racca and Evelyn Hein-ing, brought suit against Douglas Carriere, the sole heir of Armide’s previous marriage to Alexandra Carriere, seeking a partition of said property by licitation on the basis that the property was community property and that he had inherited one-half interest therein. In the alternative, plaintiff asks for reimbursement of one-half of the down payment of the purchase price, or one-half of the payments, made on the note during the marriage.
Upon trial, the matter was submitted on stipulations and exhibits introduced into evidence. The court rendered judgment in favor of plaintiff in the full sum of $3,176.41 “for the debt acknowledged by the late defendant in Act 524026 of the records of the Parish of Lafayette, State of Louisiana.” No written or oral reasons for judgment were given. Plaintiff appeals.
The only issue raised by plaintiff-appellant before this court is whether the property acquired by Armide Breaux was community or separate. Appellant contends the affidavit by Armide Breaux has the effect of changing the status of the property from separate into community property.
The pertinent portion of the affidavit signed by Armide reads as follows:
*DCLXIII “. . . that the down payment paid by her to said Chester J. Marks for said property and all payments made on the mortgage entered into by her with the Home Building and Loan Association as aforesaid, were paid by her and her said husband, Ralph Racca, who was then engaged to her, in the proportions of one-half (V¿) by each of them; that she and her said husband were married on the 2nd day of May, 1958, and from that time to the present date all payments due on said property were paid by she [sic] and her said husband from the funds received by them during the existence of the community or acquets and gains existing between them; that therefore, although the said property was acquired by her, in her individual name, at a time when she was single, such property is owned by she [sic] and her said husband, in the proportions of an undivided one-half (V2) of each of them; that although under the law the property hereinabove described is her separate and paraphernal property by virtue of the same having been acquired by her prior to her marriage, said property is indebted unto her said husband, to the extent of one-half (V2) thereof; that this declaration is being made for the purpose of acknowledging said indebtedness..."
The property is clearly not community. “A community of acquets and gains cannot exist without a marriage, and any property acquired prior thereto must necessarily be of a paraphernal nature.” Fontenot v. Fontenot, 339 So.2d 897 (La.App. 3rd Cir. 1976), writs den., 342 So.2d 217 (La.1976). Also, see, Jefferson v. Stringfellow, 148 La. 223, 86 So. 774 (1920).
Since Armide acquired the property prior to her marriage to Racca, such property came into the marriage as separate property under LSA-C.C. Art. 2334, which provides, in part:
“Separate property is that which either party brings into the marriage . ..”
Plaintiff contends that the affidavit of Ar-mide had the effect of declaring the true nature of the property as being community and not her separate property. Plaintiff cites no authority to support such a position. An affidavit simply cannot alter the separate nature of property acquired before marriage under the well established law of this state.
Accordingly, since the property was acquired by Armide Breaux prior to her marriage to Ralph Racca, we hold that the property in question is the separate property of the estate of Armide Breaux and that Ralph J. Racca, Jr., has no interest in the property.
The trial court awarded $3,176.41 to the plaintiff with the statement that this award was for “the debt acknowledged” by the affiant. Neither party questions the computation of this award. It is apparent that monthly payments were made on the property with community funds from the time of marriage (1958) until the note was paid in full in August of 1973. Plaintiff would be entitled to be reimbursed for one-half (V2) of such sums under its alternative plea. Fontenot v. Fontenot, supra.
For these reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assessed against plaintiff-appellant.
AFFIRMED.