425 So.2d 329 (1982)
Carson CLOUD, Plaintiff-Appellee,
v.
Alice Faye Frazier CLOUD, Defendant-Appellant.
No. 82-372.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
*330 Martin S. Sanders, Jr., of Sanders & Castete, Ltd., Winnfield, for defendant-appellant.
Gahagan & Gahagan, Fred S. Gahagan, Natchitoches, for plaintiff-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
GUIDRY, Judge.
Carson Cloud instituted this suit against his wife, Alice Faye Frazier Cloud, seeking *331 a judgment declaring a certain 20 acre tract of land located in Natchitoches Parish, Louisiana to be his separate property. The defendant filed peremptory exceptions of no cause of action and no right of action. Both exceptions were overruled. The trial judge ultimately granted judgment in favor of the plaintiff, Carson Cloud, declaring the property in dispute to be his separate and paraphernal property. From this judgment the defendant wife appeals.
The issues raised on appeal are (1) whether the trial court erred in concluding from the evidence that the property in dispute is the plaintiff's separate property; (2) whether this action presents a justiciable controversy; and, (3) whether the trial court abused its discretion in granting a declaratory judgment.

FACTS
Carson Cloud married the defendant, Alice Cloud, in 1955. At the time of the trial of this matter, the parties were involved in an action for separation from bed and board in the Eighth Judicial District Court, Parish of Winn, Louisiana. As an incident to that suit, Alice Cloud made claim to the property in dispute and obtained an injunction against Carson Cloud, prohibiting him from alienating or encumbering said property.
The following documents, affecting the status of the property, were introduced into the record at trial:
(1) a certified copy of an act of sale, dated October 19, 1946, to Carson Cloud and his brother, Dwight Cloud, from their father, Noah Cloud, of a 40 acre tract of land (which included the 20 acres in dispute);
(2) a certified copy of an act of sale, dated January 19, 1949, to Carson Cloud from Dwight Cloud of his interest in the same 40 acre tract; and,
(3) a certified copy of an act of sale dated August 10, 1953, to Dwight Cloud, from Carson Cloud of 20 acres of the forty acre tract.
Before proceeding to a discussion of the issues raised on appeal, we deem it necessary to first consider the question as to whether this suit by plaintiff is barred by interspousal immunity. Defendant-appellant raised this issue at the trial level by filing an exception of no cause of action which the trial court overruled.
LSA-R.S. 9:291, as amended in 1979, authorizes causes of action between spouses, not judicially separated, "... arising out of ... the provisions of Title VI Book III of the Civil Code". In this action, plaintiff seeks to have certain property declared separate as opposed to community. A determination of the issue presented is governed by the provisions of the several articles contained in Title VI Book III of the Civil Code, particularly Civil Code Articles 2338, 2340 and 2341. We, thus, conclude that the present action is one arising out of the provisions of Title VI Book III of the Civil Code and is, thus, within the exception for suits between spouses, not judicially separated.

IS THE PROPERTY IN DISPUTE THE PLAINTIFF'S SEPARATE PROPERTY?
La.C.C. Article 2340 provides that things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property. La.C.C. Article 2341 provides in pertinent part that the separate property of a spouse is his exclusively and includes property acquired by a spouse prior to the establishment of a community property regime. Comment (c) of the official comments to La.C.C. Article 2340 states:
"The presumption of community under this provision is rebuttable. For example, the presumption is rebutted as to property acquired prior to the marriage by evidence establishing the date of acquisition..."
The plaintiff made a prima facie showing that the date of acquisition of the property was prior to the marriage. The parties were not married until 1955, two years after the last of the series of transactions *332 by which plaintiff acquired the property in dispute.[1]
"A community of acquets and gains cannot exist without a marriage, and any property acquired prior thereto must necessarily be of a paraphernal nature."
Fontenot v. Fontenot, 339 So.2d 897 (La. App. 3rd Cir.1976), writs denied, 342 So.2d 217 (La.1977). Also see, Racca v. Unopened Estate of Breaux, 377 So.2d 581 (La.App. 3rd Cir.1979).
The defendant does not contend that the property was acquired during the existence of the marriage. Instead, over plaintiff's objection she introduced certified copies of several mortgages and mineral leases affecting the property in dispute, granted by Carson and Alice Cloud. Defendant contends that the joint execution of the aforesaid mineral leases and mortgages coupled with the fact that community funds were used to pay off the indebtedness, the payment of which was secured by the mortgages, had the effect of converting the status of the property from separate property to community property. We disagree. If community funds were used to satisfy separate obligations, then defendant may have an action under La.C.C. Article 2364, in reimbursement. However, neither that fact nor the fact that the defendant signed certain documents affecting the property can, in any way, alter the separate nature of property acquired before marriage.
Accordingly, the trial judge did not err in concluding from the evidence that the property in dispute is the plaintiff's separate property.

DOES A JUSTICIABLE CONTROVERSY EXIST?
Defendant raises the issue of justiciability on appeal. Declaratory relief is available to decide only justiciable controversies. The courts are without power to render advisory opinions. In Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964), the Supreme Court stated, in discussing LSA-C.C.P. Article 1871 et seq.:
"These codal articles create a procedural device by which the courts may make a declaration of rights without executory or coercive relief. The articles are remedial in nature and must be liberally construed. Basic to the exercise of these procedures, however, is the existence of a justiciable controversy. The courts are without power to render advisory opinions on abstract questions." (footnotes omitted).
And, in Abbott v. Parker, 259 La. 279, 249 So.2d 908 (1971), the court stated:
"A `justiciable controversy' connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character. Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (citations omitted).
The defendant contends that the plaintiff has proved at best a hypothetical interest in the property in question and therefore, the dispute is merely abstract and the parties are not truly adverse.
As aforementioned, the plaintiff has introduced three deeds valid on their face establishing his acquisition of the property prior to the existence of the community. He has, therefore, properly established *333 more than a hypothetical interest in the property.[2]
In her answer to plaintiff's petition, defendant admitted that she had made claim to the property and that she had obtained an injunction against Carson Cloud, prohibiting him from alienating or encumbering the aforementioned 20 acres.
We conclude that there is an existing, actual dispute which involves the legal relations of parties, who have real adverse interests.

DID THE TRIAL JUDGE ABUSE HIS DISCRETION IN GRANTING A DECLARATORY JUDGMENT?
Plaintiff's last contention is that declaratory relief is not appropriate in this particular case and that the trial judge abused his discretion in granting same. LSA-C.C.P. Article 1876 provides:
"The court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding."
Appellate courts, as well as trial courts, are granted broad discretionary power to determine whether a suit is one in which declaratory relief may be appropriate. Orleans Parish School Board v. City of New Orleans, 238 La. 748, 116 So.2d 509 (La.1959).
In Smith v. Smith, 230 La. 509, 89 So.2d 55 (La.1956), a daughter, the sole heir to her mother's estate, brought an action to obtain a declaration that certain property was the mother's separate property and was not part of the community which had existed between the defendant and the mother. The trial court refused declaratory relief. The Supreme Court reversed finding that the judgment appealed from fell squarely within the provisions of R.S. 13:4232, which is the source provision of C.C. Article 1872.[3]
We find no abuse of the broad discretion of the trial judge in his determination that this suit for declaratory judgment was appropriate. The judgment of the trial court terminates the uncertainty and controversy giving rise to the proceeding.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed against defendant.
AFFIRMED.
NOTES
[1] Over plaintiff's attorney's objection, testimony was elicited from the plaintiff to the effect that he considered the series of deeds to be "sham deals". The objection was well made and we do not consider this evidence. The deeds whereby Carson Cloud acquired the subject property are valid on their face. There were no allegations of fraud, error or mistake nor is the defendant one having an interest to attack these deeds. Chronos Land Co., Inc. v. Crichton, 91 So. 408, 150 La. 963 (La.1922).
[2] The defendant also introduced, over plaintiff's objection, certified copies of four acts of donation to the children of Carson and Alice Cloud of the 20 acres, with "reservation of usufruct, right of use, habitation, and all timber and all minerals pertaining to the property". The validity of these donations are not at issue in this proceeding however, even if valid, it is clear from the face of these documents that plaintiff's reservation constitutes a real and actual, not hypothetical, interest in this property.
[3] La.C.C.P. Article 1872 is a verbatim reproduction of R.S. 13:4232 and provides:

"A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."