# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1358


**ROBIE FISHER CRAWFORD HINDS**

**VERSUS**

**GEORGE HINDS**


**********

APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 4-0312
HONORABLE PHILLIP J. TERRELL, JR., CITY COURT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.

**REVERSED AND RENDERED.**


Richard E. Lee
810 Main Street
Pineville, LA 71360
Telephone: (318) 448-1391
COUNSEL FOR:
    Plaintiff/Appellee - Robie Fisher Crawford Hinds

Andrew S. Vallien
801 Third Street
Natchitoches, LA 71457
Telephone: (318) 357-0546
COUNSEL FOR:
    Defendant/Appellant - George Hinds

THIBODEAUX, Chief Judge.

In this eviction case, the city court granted plaintiff, Robie Fisher Crawford Hinds, through her duly appointed mandatary, Melvin J. Crawford, an eviction of her husband, George Hinds, from the separate property of the late Mrs. Hinds. The separate property was immovable property and the matrimonial domicile of Mr. and Mrs. Hinds. Mr. and Mrs. Hinds were not divorced. Defendant, George Hinds, appeals the judgment and asserts several issues including no right of action, lack of subject matter jurisdiction, and wrongful eviction. We reverse and vacate the judgment of the city court based on the interspousal immunity set forth in La.R.S. 9:291.

I.

**ISSUE**

We will consider whether an eviction suit is barred by interspousal immunity set forth by La.R.S. 9:291.

II.

**FACTS**

Defendant, George Hinds, and plaintiff, Robie Hinds, now deceased,[1] lived in a mobile home on property owned by Mr. Hinds. In 1995, the Department of Transportation and Development (DOTD) expropriated Mr. Hinds' land and agreed to move the mobile home free of charge, provided Mr. Hinds owned a tract of

_____

[1]Mrs. Hinds died during the pendency of this appeal. Melvin J. Crawford was appointed the executor of her succession, and our court substituted Mr. Crawford, as Executor of the Succession of Robie Fisher Crawford Hinds, as party plaintiff. We recognize that Mrs. Hinds' death eviscerates interspousal immunity. Such a conclusion, however, does not negate the relationship of the parties which existed at the time of trial and at the time the judgment we are considering was signed. Thus, our analysis of interspousal immunity before Mrs. Hinds' death and its impact on this case remains unchanged because of the substitution of Mr. Crawford as party plaintiff in his capacity as executor. The effect of our decision today terminates at Mrs. Hinds' death.

1

land on which to place it. Mrs. Hinds transferred a tract of land that she acquired from her previous marriage to Melvin Crawford, Sr., by quitclaim deed to Mr. Hinds in order to have the costs of moving paid by the DOTD. The transfer was recorded in the conveyance records. Once the costs to move were paid by the DOTD, the land was transferred back to Mrs. Hinds by quitclaim deed and the transfer was again recorded. This tract of land is the property from which Mrs. Hinds, through her duly appointed mandatary, Melvin Crawford, sought eviction of Mr. Hinds, her husband.

The city court evicted Mr. Hinds. He appeals.

III.

## LAW AND DISCUSSION

Mrs. Hinds petitioned the Pineville City Court for an eviction of her husband, Mr. Hinds, from her separate property. Mrs. Hinds is presently married to Mr. Hinds. In addition, the property at issue maintained the status of separate property of Mrs. Hinds, as she received the land from the estate of her first husband, Melvin Crawford, Sr. Therefore, the status of the land is not in dispute. *See* La.Civ.Code. art. 2341.

In response to the eviction suit, Mr. Hinds filed an exception of no right of action based on La.R.S. 9:291, which sets forth the general provision for interspousal immunity. Louisiana Revised Statutes 9:291 states:

> Spouses may not sue each other except for causes of action pertaining to contracts or arising out of the provisions of Book III, Title VI of the Civil Code; for restitution of separate property; for divorce or declaration of nullity of the marriage; and for causes of action pertaining to spousal support or the support or custody of a child while the spouses are living separate and apart.

(Footnote omitted). Mrs. Hinds posits that the eviction suit is pursuant to La.R.S. 9:291 in that it is a "restitution of separate property" and, therefore, falls within one

2

of the exceptions to spousal immunity. The trial court incorrectly overruled the exception of no right of action. Louisiana Civil Code Article 98 states that "[m]arried persons owe each other fidelity, support, and assistance." Article 98 incorporates the basic principles of the marital relationship. We find the phrase "restitution of separate property" does not contemplate an eviction proceeding as it is inconsistent with the mutual duties of married persons and the interspousal immunity statute.

A similar situation was discussed in *Purdy v. Purdy*, 331 So.2d 868 (La.App. 2 Cir. 1976), where a husband, whose separate property served as the marital domicile, sought to evict his wife. In *Purdy*, the second circuit explained, "[t]o allow a husband to evict his wife by summary process from the marital domicile prior to a judicial separation is . . . contrary to the Louisiana civil concept of marriage." *Id.* at 869. Furthermore, *Purdy* held "the action is illegal and contrary to the public policy of this State." *Id*.

To bolster the claim of falling into an exception, Mrs. Hinds relies heavily on *Cloud v. Cloud*, 425 So.2d 329 (La.App. 3 Cir. 1982), where the court allowed a suit in which the husband sought to have certain property *declared* separate as opposed to community in light of an impending action for separation. However, the plaintiff's reliance is misplaced as this case is distinguishable from *Cloud*. The issue in *Cloud* involved the status of the land in dispute, i.e., whether the land was community or separate. There is no such dispute here. In addition, the suit in *Cloud* was brought pursuant to La.R.S. 9:291, not as an eviction proceeding. In this proceeding, Mrs. Hinds' land maintained the status of separate property, and no declaration was needed. *Cloud* is unpersuasive.

3

## IV.

## CONCLUSION

The eviction suit in this case is barred because of interspousal immunity pursuant to La.R.S. 9:291. Mrs. Hinds does not have a right of action. It is unnecessary to address the other issues brought up in this appeal, namely, subject matter jurisdiction and wrongful eviction. For the foregoing reasons, we reverse the judgment of the trial court.

All costs are assessed to Melvin J. Crawford, as Executor of the Succession of Robie Fisher Crawford Hinds.

**REVERSED AND RENDERED**.