JAMI TULLIER SMILEY
v.
BRADY JOSEPH SMILEY.
2008 CA 0116.
Court of Appeals of Louisiana, First Circuit.
October 24, 2008.
Not Designated for Publication
DENNIS JOHN HAUGE, Attorney for Plaintiff-Appellant Jami Tullier Smiley
CHESTER HUGH BOYD Attorney for Defendant-Appellee Brady Joseph Smiley
Before: PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
A former spouse appeals a portion of a judgment that partitioned community property. She challenges the trial court's classification of the tract of land on which their matrimonial domicile was situated. For the following reasons, we affirm.

Factual Background and Procedural History
During the marriage of Brady J. Smiley (Brady) and Jami Tullier Smiley (Jami), Brady's mother, Linda Y. Smiley, transferred a 3.836 acre tract of land to him by an act of donation dated January 24, 2000. Later that year, Brady and Jami purchased a double-wide mobile home for $52,000 and placed it on this property. To facilitate this purchase, Brady and Jami obtained a construction loan on June 9, 2000, that was evidenced by a promissory note in the amount of $76,500 and secured by a collateral mortgage on the land and the improvements thereon. In connection with the collateral mortgage, Brady and Jami executed an authentic act of immobilization for the purpose of immobilizing the mobile home.[1] Since the loan was related to the purchase of the matrimonial dwelling and the construction of other related improvements, the parties considered the loan to be a community obligation. Payments on the loan were made from a joint checking account for approximately six months before the parties separated. Brady and Jami divorced on June 13, 2003. At Jami's request, Brady refinanced the loan on July 18, 2003, to put it solely in his name so that Jami might have the ability to purchase a place of her own.
On June 22, 2006, Jami sought to partition the parties' community property. Brady contended that the 3.836 acre tract of land was his separate property, while Jami urged that she was entitled to a one-half interest in the land by virtue of the doctrine of commingling. Her argument was based on the fact that the matrimonial dwelling was purchased with community funds and the land and improvements had been mortgaged twice during their marriage. Following a trial, the trial court signed a judgment declaring that the land, valued at $69,839, was Brady's separate property, and the mobile home, valued at $52,161, was community property. Jami appealed, contending the trial court erred in finding that the land was Brady's separate property.

Discussion
Under Louisiana law, property of married persons is generally characterized as either community or separate. See LSA-C.C. art. 2335. The classification of property as separate or community is fixed at the time of its acquisition. Smith v. Smith, 95-0913 (La. App. 1st Cir. 12/20/96), 685 So.2d 649, 651. In proving whether an asset is community or separate, the parties are guided by the following principles.
Louisiana Civil Code article 2338 provides that community property comprises: property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with community and separate things, unless classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and all other property not classified by law as separate property. Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property. LSA-C.C. art. 2340.
Regarding the classification of property as separate, LSA-C.C. art. 2341 provides, in part, that a spouse's separate property comprises: property acquired by a spouse prior to the establishment of a community property regime; property acquired by a spouse with separate things or with separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used; property acquired by a spouse by inheritance or donation to him individually; and things acquired by a spouse as a result of a voluntary partition of the community during the existence of a community property regime.
The trial court's finding regarding the nature of the property as community or separate is a factual determination that will not be disturbed absent manifest error. Ross v. Ross, 02-2984 (La. 10/21/03), 857 So.2d 384, 395; Harvey v. Amoco Production Co., 96-1714 (La. App. 1st Cir. 6/20/97), 696 So.2d 672, 677.
Clearly, the 3.836 acre tract of land was acquired by Brady during the existence of the community. Therefore, under LSA-C.C. art. 2340, it is presumed to be community property. The evidence of record reveals that the land in question was acquired by donation to Brady individually. This fact was conceded by Jami. Therefore, we are unable to find that the trial court erred, manifestly or legally, in determining that the land was Brady's separate property. See LSA-C.C. art. 2341.
Nonetheless, Jami urged that the following actions had the effect of converting the status of the land from separate property to community property: the parties' joint execution of the mortgage on the 3.836 acre tract of land, their use of the proceeds of the associated loan to purchase a mobile home and to place other improvements on the land, and their use of community funds to pay the indebtedness. We disagree. If community property has been used for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse is entitled upon termination of the community to one-half of the amount or value that the community property had at the time it was used. LSA-C.C. art. 2366. Buildings, other constructions permanently attached to the ground, and plantings made on the separate property of a spouse with community assets belong to the owner of the ground. Upon termination of the community, the other spouse is entitled to one-half of the amount or value that the community assets had at the time they were used. Id. Therefore, the investment of community funds in the separate estate of either husband or wife does not give the other party an interest in the separate property.[2] If community funds were used to satisfy Brady's separate obligations, then Jami may have an action under LSA-C.C. art. 2364 for reimbursement. Clearly, the fact that Jami signed certain documents affecting the 3.836 acre tract of land did not, in any way, alter the separate nature of the land acquired by Brady by donation to him individually.[3] See Brehm v. Brehm, 00-201 (La. App. 5th Or. 6/27/00), 762 So.2d 1259, 1262-64, writ denied, 00-2286 (La. 10/27/00), 772 So.2d 657; Cloud v. Cloud, 425 So.2d 329, 332 (La. App. 3rd Cir. 1982).

Decree
For the foregoing reasons, the judgment is affirmed. All costs associated with this appeal are assessed to Jami Tullier Smiley.
AFFIRMED,
NOTES
[1] See LSA-R.S. 9:1149.4.
[2] Notably, LSA-C.C. arts. 490-506, governing accession, are inapplicable to constructions made on the separate property of a spouse with community funds or with separate funds of the other spouse, or to constructions made on community property with separate assets of a spouse. See LSA-C.C. art. 493. The rights of spouses are instead governed by LSA-C.C. arts. 2366, 2367, 2367.1, and 2367.2.
[3] In making this statement, we render no opinion as to the trial court's classification of the mobile home as community property and its determination of Jami's reimbursement claim, as those issues are not before us on this appeal.