**ALAMO CANDY COMPANY, Appellant,**

v.

**Hertha ZACHARIAS, Appellee.**

**No. 225.**

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 27, 1966.

William G. Brown, San Antonio, for appellant.

Armond G. Schwartz, Hallettsville, Henry S. Paulus, Yoakum, for appellee.

OPINION

SHARPE, Justice.

This appeal is from a judgment permanently enjoining appellant from levying upon, selling or interfering with the interest of appellee in certain real property situated in the City of Yoakum, DeWitt County, Texas.

By two points, appellant asserts that the trial court erred (1) because there was no evidence to support the judgment granting a permanent injunction in favor of appellee, and (2) in concluding that appellee's community interest in the real property sought to be sold under execution was not subject to forced sale by virtue of a valid judgment theretofore rendered in favor of appellant.

By two counter-points, appellee asserts that the trial court did not err nor abuse its discretion because (1) the prior judgment was against Hertha Zacharias in her capacity as Independent Executrix of the Estate of Fritz Zacharias, Jr., and not against her individually, and (2) appellee's interest in the real property sought to be sold under execution is not subject to forced sale in that there is no judgment against her individually.

Appellee, Hertha Zacharias, a widow, as plaintiff, on October 25, 1965 brought the instant suit against Alamo Candy Company and the Sheriff of DeWitt County, Texas, for injunction prohibiting a levy upon and sale of Lot No. Nine (9) and the east one-half (½) of Lot No. Ten (10) in Block No. 69 of the original townsite of the City of Yoakum, DeWitt County, Texas. Appellee alleged in substance that judgment had theretofore been rendered in cause No. 10,238 by the District Court of DeWitt County, Texas, in favor of Alamo Candy Company against Hertha Zacharias, as Independent Executrix of the Estate of Fritz Zacharias, Deceased, and that Alamo Candy Company had caused the Sheriff to levy execution under that judgment on the above-described property and give notice of sale of same on Tuesday, November 2, 1965; that at the prior trial it was held that Hertha Zacharias, individually, was not responsible nor liable for the indebtedness sued on and that the same was a charge against the estate of Fritz Zacharias, Jr., only; that there was a mortgage against said property in favor of a third party lending institution, and that its interest as well as that of appellee in the property was sought to be sold under the unconditional, unrestricted levy which had been made; that irreparable injury would result to appellee because of an unlawful levy and threatened sale. Appellee prayed that the prior judgment be declared ineffective as to appellee's interest in the property and the sale under execution be permanently enjoined to that extent, and that appellee's community interest in the property be quieted.

The trial court, on October 25, 1965, issued a temporary restraining order prohibiting the scheduled sale of the property on November 2, 1965, and set a hearing on appellee's application for temporary injunction on November 22, 1965. Appellant did not file any answer in the case, but appeared through Counsel on the last-mentioned date and announced ready for trial on the merits. After a brief hearing the trial court pronounced judgment granting a permanent injunction in favor of appellee prohibiting Alamo from levying upon or selling or interfering with the interest of appellee, described as a community one-half interest in the said property. Written judgment granting that relief was entered on November 29, 1965.

On the trial of the case the only evidence offered was the testimony of appellee and two exhibits. One exhibit was a certified copy of a warranty deed dated January 9, 1956, conveying the property in question to F. J. Zacharias and wife Hertha Zacharias. The other exhibit was a certified copy of the judgment entered on January 29, 1963 in cause No. 10,238 in the District Court of DeWitt County, Texas, awarding Alamo Candy Company as plaintiff a judgment in the amount of $4,465.46 against the defendant Hertha Zacharias, Independent Executrix of the Estate of Fritz Zacharias, deceased.

Appellant's position is that the prior judgment upon which execution was levied is based upon a debt of Fritz Zacharias, Jr.,

valid and enforcible at the time of his death and thereafter against appellee as executrix and the community estate of appellee and her deceased husband. Appellee does not dispute the rule that the wife's portion of the community property may be subject to the indebtedness of such community contracted by the husband but says that before such rights can be enforced, proceedings of a proper nature must be instituted and a judgment affecting such interest must be obtained. More specifically, appellee contends that because appellant did not make appellee individually a party in the prior suit, it has waived its rights to collect the alleged community indebtedness from the widow's portion of the property after death of the husband and probate of his will.

 The well settled rule is that community property of the husband and wife is subject to the payment of debts contracted by either of them during the marriage, except when otherwise specially provided by law. Art. 4620, Vernon's Ann. Civ.St.; Stone v. Jackson, 109 Tex. 385, 210 S.W. 953 (1919); United States v. Stapf, 375 U.S. 118, 84 S.Ct. 248, 11 L.Ed. 2d 195. Community property is the primary fund for the payment of community debts. Clark v. First Nat. Bank, 210 S.W. 677 (Tex.Com.App.1919). The community estate passes charged with the debts against it. Sections 45, 155 and 156, Probate Code, V.A.C.S.

Section 145, Probate Code, provides for the creation by will of an independent administration. Sections 146 and 147, Probate Code, provide as follows:

"§ 146. Payment of Claims and Delivery of Exemptions and Allowances

An independent executor, in his administration of an estate, although free from the control of the court, shall nevertheless, independently of and without application to, or any action in or by the court, receive presentation of and classify, allow, and pay, or reject, claims against the estate in the same order of priority, classification, and proration prescribed in this Code, and set aside and deliver to those entitled thereto exempt property and allowances for support, and in lieu of homestead, as prescribed in this Code, to the same extent and result as if his actions had been accomplished in, and under orders of, the court. As amended Acts 1957, 55th Leg., p. 53, ch. 31, § 2 (c).

"§ 147. Enforcement of Claims by Suit

Any person having a debt or claim against the estate may enforce the payment of the same by suit against the independent executor; and, when judgment is recovered against the independent executor, the execution shall run against the estate of the testator in the hands of the independent executor which is subject to such debt. The independent executor shall not be required to plead to any suit brought against him for money until after one year from the date of the probate of the will appointing him. Acts 1955, 54th Leg., p. 88, ch. 55."

 Appellee, the wife and now the surviving widow of Fritz Zacharias, deceased, was not individually liable for the debt in question and it was not necessary to make her a party individually to the original suit. However, the community property remaining in her hands after proper exemptions and allowances, was subject to the payment of community debts, including those established by suit after the husband's death, subject to the order of priority, classification and proration prescribed by the Probate Code. See Chanowsky v. Friedman, 219 S.W.2d 501 (Tex.Civ.App.1949, wr. ref. n. r. e.) decided under Art. 3437, the predecessor statute of Sec. 147, Probate Code.

 Disposition of this case does not turn upon the individual liability of appellee for appellant's debt or whether she was a party to the original suit, but, instead,

upon whether appellee has property in her hands, as independent executrix, which is subject to the debt. In this injunction proceeding, appellee had the burden to establish that the property in question was not so subject to appellant's debt and failed to carry it.

An execution on the original judgment rendered in Cause No. 10,238 would properly run against the estate of the testator in the hands of appellee as independent executrix which is subject to such debt. Here, the surviving widow's one-half interest in the community property, under the conditions above-stated, could be reached by a proper execution in the absence of a showing that because of some provision of law or of actions taken in the administration proceeding her said interest in the property levied on was not subject to the debt.

It appears that the case was tried and decided on the wrong theory and that material matters of fact were not completely developed. In particular, the record shows that there is a first lien held by a third person on the property in question, but it is not shown how such lien or the claim upon which it was based was handled during the administration. The record further does not show what was done in the administration proceeding concerning exemptions, allowances, classification of claims, priorities or payment thereof, and does not contain a copy of the writ of execution levied on the property sought to be sold.

Under these conditions, the cause will be reversed and remanded for new trial in the interest of justice. Rule 434, Texas Rules of Civil Procedure. If appellee elects to proceed with her petition for injunction, she should be required to properly plead and prove that the property in question was not subject to execution under the rules herein stated.

Reversed and remanded.