George B. COGHLAN, Appellant,

v.

Mike SULLIVAN, Sheriff of El Paso County, Texas, et al., Appellees.

No. 6238.

Court of Civil Appeals of Texas, El Paso.

March 22, 1972.

Phillip C. Bowen, El Paso, for appellant.

Thor Gade, El Paso, for appellees.

## OPINION

RAMSEY, Chief Justice.

George B. Coghlan, Plaintiff-Appellant, brought suit against Mike Sullivan, Sheriff of El Paso County, Texas, Economy Lamp Works, Inc., and Imperial Manufacturing Company, Defendants-Appellees, seeking injunctive relief to prohibit the levy of execution and sale of his automobile to satisfy two judgments. The trial Court denied the injunctive relief. We affirm.

The facts were stipulated. Plaintiff and his wife were married in 1953. They had engaged in the furniture business which terminated in financial failure. Two judgments were obtained against the Plaintiff, individually and "d/b/a Coghlan's Furniture Company." The judgments were admittedly valid and unpaid. In 1968, the Plaintiff and his wife ceased living together, but resumed their marital relationship in July, 1970, and again separated in May, 1971. Mrs. Coghlan filed a suit for divorce in June, 1971, and listed two automobiles in her petition as being community assets. The automobile levied on was a 1968 Pontiac. The other automobile, a 1969 Oldsmobile, was purchased by Mrs. Coghlan and paid for by her out of a checking account that was in her own name. The record does not indicate the source of the money used in the purchase of her car but since there is no controversy as to its community status, this is of no consequence. The certificate of title to the 1969 car was in the wife's name. No complaint is made as to the manner of the levy by the Sheriff. Plaintiff's allegations in his petition seek the injunctive relief under two provisions of the statutes; namely, Sec. 5.61, Title 1, Texas Family Code, V.T.C.A. (Acts 1969, 61st Leg.Ch. 888) and under Art. 3832, Vernon's Ann.Civ.St.

Plaintiff assigns two points of error complaining of the insufficiency of the evidence and pleadings to sustain the trial Court's judgment as well as the judgment being contrary to the weight and preponderance of the evidence.

No findings of fact and conclusions of law were filed or requested. In their absence, we must conclude that the judgment of the trial Court embodies all necessary findings in support thereof. Commercial Standard Insurance Company et al. v. Merit Clothing Company, 377 S.W.2d 179 (Tex.Sup.Ct.1964).

The basis of Plaintiff's cause of action is that his personal automobile (the 1968 Pontiac) is exempt from execution under the provisions of Art. 3832, V.A.T.C.S. That the 1969 Oldsmobile purchased by and under the control of his wife is exempt under the provisions of Sec. 5.61(b), Title 1, Texas Family Code, since the liabilities existing in the judgments are nontortious. No assignment of error was made by Plaintiff as to any infringement on his right to designate the property to be levied on under Art. 3859, V.A.T.C.S. Having failed to assert such right, the Plaintiff has thus waived it.

We are not aware of any decision since the adoption of the Texas Family Code construing the effect of its provisions in this regard. The constitutional provisions for exemption of personal property belonging to a family were implemented by legislation provided in Art. 3832, V.A.T.C.S. Its provisions exempt "one carriage or buggy" which has been consistently construed to include an automobile. Peevehouse et al. v. Smith et al., Tex.Civ.App., 152 S.W. 1196 (n. w. h.).

The record discloses that the Plaintiff and his wife operated the furniture store from about 1957 to 1961. We can only conclude that the trial Court found that the judgments involved arose from liabilities incurred as a result thereof and as such would constitute community indebtedness. It is fundamental that the community property of the husband and wife is subject to the payment of community debts, and is the primary fund for their payment. Alamo Candy Company v. Zacharias, Tex.Civ.App., 408 S.W.2d 517 (n. w. h.); Clark v. First Nat. Bank of

New Boston, 210 S.W. 677 (Tex.Com.App. 1919); 30 Tex.Jur.2d, Sec. 122, pp. 208–212. Sec. 5.61, Title 1 of the Texas Family Code, contains substantially the same provisions as Art. 4620, V.A.T.C.S., which it replaced.

Art. 3832, V.A.T.C.S., provides for only one exemption. We do not interpret Sec. 5.61, Texas Family Code, as enlarging upon the exemption statute.

We therefore overrule Plaintiff's points of error and affirm the judgment of the trial Court.