Nora I. de ANDA et al., Appellants,

v.

Blanca G. BLAKE et al., Appellees.

No. 15826.

Court of Civil Appeals of Texas, San Antonio.

Feb. 1, 1978.

Rehearing Denied March 1, 1978.

Hall & Zaffirini, Laredo, for appellants.

Ada Cronfel, Goodman & Cronfel, Laredo, for appellees.

CADENA, Chief Justice.

Defendants, Mrs. Aurora S. de Anda and her daughter, Nora I. de Anda, appeal from a judgment, based on a jury verdict, award-

ing plaintiffs, Mrs. Blanca G. Blake and her husband, Jack Blake, damages for personal injuries suffered by Mrs. Blake when the automobile which she was driving was involved in a collision with an automobile owned by Mrs. de Anda which, at the time of the accident, was being operated by her daughter, Miss de Anda. Defendants also complain of the fact that the judgment denied them recovery on their counterclaim against plaintiffs, and Mrs. de Anda further assigns as error the failure of the trial court to dispose of her counterclaim against her estranged husband.

The jury found that Miss de Anda was guilty of negligence proximately causing Mrs. Blake's injuries; absolved Mrs. Blake of negligence; determined that the accident was 100% attributable to the negligence of Miss de Anda; concluded that at the time of the accident Miss de Anda was operating her mother's vehicle for the benefit of her mother, Mrs. de Anda, who was a passenger in the car when the collision occurred; and answered, "we do not," to an issue inquiring whether, just before the accident, Mrs. de Anda and Miss de Anda were in a position of peril.

■ Mrs. de Anda first asserts that the trial court erred in submitting the issue asking whether Miss de Anda was operating the motor vehicle in furtherance of a mission for the benefit of her mother.

The evidence is undisputed that at the time of the accident Miss de Anda was driving her mother to a department store. The purpose of the trip was the purchase of shoes for one of Mrs. de Anda's sons. The contention is here made that the submission of the issue was error, since, under the rule announced in *Shoemaker v. Estate of Whistler*, 513 S.W.2d 10 (Tex.1974), Mrs. de Anda and her daughter were not engaged in a joint enterprise because they did not have a community of pecuniary interest in the purpose of the trip.

*Shoemaker* is not applicable here. Plaintiffs assert liability of the mother for the negligence of her child on settled rules of the law of principal and agent and do not rely on the doctrine of joint enterprise.

The undisputed testimony shows that Miss de Anda was operating the motor vehicle with the consent of her mother on a mission which involved the welfare of a minor member of the family. Since Miss de Anda was operating the car at the instance of her mother for her mother's benefit, the relationship of principal and agent existed between mother and daughter, so that the mother is liable for the negligence of her agent. *Smith v. Cox*, 446 S.W.2d 52 (Tex. Civ.App.—Corpus Christi 1969, writ ref'd n. r. e.); *Campbell v. Swinney*, 328 S.W.2d 330 (Tex.Civ.App.—Dallas 1959, writ ref'd n. r. e.).

■ Defendants' second point, like the first, rests on the theory that a parent cannot be liable for the negligence of his child in the absence of a showing that the parent and child were engaged in a joint enterprise. The first two points are without merit.

■ The third point asserts that the trial court "erred in entering judgment on the jury findings in Special Issues 34–37 (discovered peril) in that same are contrary to the greater weight of the evidence."

In answer to Special Issue 34 the jury found that defendants were not in a position of peril, and, therefore, left unanswered the remainder of the cluster of issues relating to discovered peril.

The opinion of Chief Justice Greenhill in *Abalos v. Oil Development Company of Texas*, 544 S.W.2d 627 (Tex.1976), left open the question of whether the adoption in 1973 of the doctrine of comparative negligence [Article 2212a, Tex.Rev.Civ.Stat.Ann. (Supp.1976)] abolished the doctrine of last clear chance or, as has been known in Texas, the doctrine of discovered peril. However, as pointed out by Justice Pope in his concurring opinion in *Abalos*, that doctrine, which applies when both parties are negligent and seek to avoid the harshness of the doctrine of contributory negligence when defendant's negligence occurred at a later point in time, is completely incompatible with the rule of comparative negligence. The rule of comparative negligence leaves

no room for the notion that in a case where both plaintiff and defendant are negligent, the litigation must end in total defeat or total victory. Under the rules applicable in Texas prior to 1973, the existence of contributory negligence had the harsh effect of casting upon plaintiff the entire loss resulting from the negligence of both plaintiff and defendant, while the doctrine of discovered peril, where applicable, had the equally harsh consequence of casting upon defendant the entire loss due to the negligence of both parties. The purpose of the 1973 legislation clearly was to abolish this "all or nothing" approach to negligence litigation. This purpose cannot be achieved merely by abolishing the rule that the contributory negligence of the plaintiff completely precluded recovery. Complete realization of the legislative purpose can be accomplished only by holding that Article 2212a also has the effect of abolishing the doctrine which casts the entire loss on defendant in a case where both parties are negligent. *See,* in addition to the persuasive concurring opinion by Justice Pope in *Abalos,* 544 S.W.2d at 633–34, Keeton, Recent Developments in the Law—Torts, 28 Sw.L.J. 1, 15 (1974); Comment, 6 Tex.Tech.L.Rev. 131 (1974).

In any event, the contention that the trial court "erred in entering judgment" on the verdict because the jury findings "are contrary to the greater weight of the evidence," if it presents any question for review, presents a "no evidence" point. A trial court cannot disregard jury findings merely because a particular finding or findings are contrary to the preponderance of the evidence. *Chemical Cleaning, Inc. v. Chemical Cleaning and Equipment Service, Inc.,* 462 S.W.2d 276 (Tex.1970). In such a case, the only available procedure is the entry of judgment in accordance with the verdict and the subsequent granting of a motion for new trial.

Since defendants had the burden of proof on the question of discovered peril, the contention that the trial court erred in entering judgment on the verdict must be construed as an assertion that the elements of discovered peril were established as a matter of law. An examination of the evidence reveals testimony to the effect that Mrs. Blake did not have time to weigh possible alternatives. She swerved to the left, after sounding her horn, when she realized that a collision was imminent. She testified that her evasive action would have been effective had not Miss de Anda chosen to accelerate instead of maintaining her speed or applying the brakes when she heard Mrs. Blake's warning blast of the horn. It cannot be said that the evidence establishes, as a matter of law, that Mrs. Blake, after discovering the perilous position of defendant, failed to use all means available to her, with due regard to her own safety, to avoid the collision.

■ Mrs. de Anda's fourth point, contending that the trial court erred in entering judgment without disposing of her "cross-action" against her estranged husband, Juvencio de Anda, presents an interesting problem.

Defendants' brief states that a cross-action was filed against Juvencio de Anda. The motion for new trial complains of the failure of the judgment to dispose of this portion of the litigation and asserts that if judgment was correctly rendered against Mrs. de Anda, Article 5.61 Tex.Family Code Ann. (1975), requires entry of judgment against Mr. de Anda as well.

Only defendants' first amended original answer and counterclaim and second amended original answer and counterclaim appear in the transcript. Neither of these pleadings mentions Mr. de Anda, nor does the transcript reflect that he was served with citation or that he filed an answer. However, the reporter's introduction to the statement of facts recites that a lawyer appeared on behalf of Mr. de Anda, and this attorney made at least one objection during the course of the trial. The record does not reflect whether this attorney participated in the selection of the jury.

In answer to special issues the jury found that Mr. and Mrs. de Anda were still man and wife on the date of the accident; that Mr. de Anda was the father of Miss de Anda; that he was not responsible for

maintaining insurance coverage on the car operated by Miss de Anda at the time of the accident; that Mrs. de Anda did not have "a right to rely upon cross-defendant Juvencio De Anda maintaining such insurance coverage" on the automobile in question; and that the insurance coverage on such automobile had expired.

Assuming that the record reflects that the claim of Mrs. de Anda against Mr. de Anda was tried by implied consent, we conclude that the claim was disposed of by necessary implication under the rule announced in *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex. 1966). The judgment embodies the special issues and the jury's answers to such issues and recites that the "verdict and findings of the Jury . . . are, approved and adopted by the Court. . . ."

The judgment in this case is not intrinsically interlocutory in character. It was rendered and entered in a case regularly set for trial on the merits, without entry of an order for separate trial on the issues as contemplated by Rule 174, Tex.R.Civ.P. (1977). For appeal purposes, then, *Aldridge* required that it be presumed that the trial court intended to, and did, dispose of all parties legally before it and of all issues made between such parties, including claims by defendants against third-party defendants. 400 S.W.2d at 898.

Article 5.61(d) of the Family Code provides that all the community property is subject to tortious liability of either spouse incurred during the marriage. We do not construe this provision as requiring that a plaintiff seeking recovery for tortious conduct of a married woman must join such woman's husband in the suit in which recovery is sought. The statute does not contemplate that a judgment rendered against a married woman must, as Mrs. de Anda insists in her brief, "be entered jointly and severally against the two spouses' community estate."

Since the pleadings embodying Mrs. de Anda's claim against her husband are not before us, we cannot determine the relief she sought. She does not here contend that Article 5.61(d) entitles her to contribution from her husband, and, in any event, the statute does not purport to make the husband a joint tortfeasor or to make him personally liable for the torts of his wife, absent facts calling for application of the rules of principal and agent or the doctrine of joint enterprise.

The judgment of the trial court is affirmed.