

# The Attorney General of Texas

April 18, 1979

'ARK WHITE
ttorney General

Honorable Tim Von Dohlen
Chairman
House Committee on Constitutional
  Amendments
State Capitol
Austin, Texas 78711

Opinion No. MW-11

Re: Authority of legislature to permit taxing districts to exempt automobiles from property tax on a local option basis.

Dear Representative Von Dohlen:

You ask whether the legislature may, pursuant to article VIII, section 1, of the Texas Constitution, provide by general law that automobiles may be exempted from ad valorem taxation except where local taxing jurisdictions have determined within a specified time to impose a personal property tax on automobiles on a "local option basis." Article VIII, section 1, as amended effective January 1, 1979, provides in part:

> . . . the Legislature by general law may exempt all or part of the personal property homestead of a family or a single adult, 'personal property homestead' meaning that personal property exempt by law from forced sale for debt, from ad valorem taxation.

Article 3836, V.T.C.S., lists the personal property which is exempt from attachment for debt. Section (a)(3) of that statute exempts "any two of the following categories of means of travel: . . . an automobile or station wagon; . . . a truck; a pickup truck." Thus article VIII, section 1, authorizes the legislature to enact a general law exempting from ad valorem taxation personal property homestead which under current law includes one automobile or station wagon owned by a family or single adult. See Coghlan v. Sullivan, 480 S.W.2d 229 (Tex. Civ. App. — El Paso 1972, no writ). If additional automobiles were to be exempted, article 3836 would have to be amended.

We next consider whether the local option tax statute would unconstitutionally delegate legislative power to make or suspend law, in violation of article III, section 1 or article I, section 28 of the Texas Constitution. Certain local option laws have been held unconstitutional in the absence of express constitutional authority to enact them. In Ex parte

Mitchell, 177 S.W. 953 (Tex 1915), the Supreme Court concluded that a statute authorizing voters to decide whether pool halls should be prohibited in the county unconstitutionally delegated the power to make laws. In addition, the local option statute suspended a general law which licensed the operation of pool halls. Accord, Lyle v. State, 193 S.W. 680 (Tex. Crim. App. 1917); contra, Ex parte Mode, 180 S.W. 708 (Tex. Crim. App. 1915); Ex parte Francis, 165 S.W. 147 (Tex. Crim. App. 1914). See also Brown Cracker & Candy Co. v. City of Dallas, 137 S.W. 342 (Tex. 1911) (city ordinance permitting houses of prostitution unconstitutionally suspended state law prohibiting them); State v. Swisher, 17 Tex. 441 (1856) (local option liquor control statute held an unconstitutional delegation of legislative power).

Although the legislature may not authorize a political subdivision to make or suspend state law, it may permit it to accept or reject a power which is consistent with general law. Lyle v. State, supra at 683. The people of a locality may be empowered to accept a completely enacted general law relating to administration and local control. Ex parte Francis, supra at 171 (dissent). Relying on this principle, the courts have upheld numerous statutes granting political subdivisions power to be exercised only upon a favorable vote of the governing body or the people. A statute leaving it discretionary with the commissioners court to order the election of public weighers was upheld in Johnson v. Martin, 12 S.W. 321 (Tex. 1889), while Stanfield v. State, 18 S.W. 577 (Tex. 1892) approved a law authorizing counties to create and abolish the office of county superintendent of public instruction. Statutes authorizing county school trustees to change the lines of legislatively created school districts did not violate article I, section 28. Rosebud I.S.D. v. Richardson, 2 S.W.2d 513 (Tex. Civ. App. — Waco 1928, no writ). See also Spears v. City of San Antonio, 223 S.W. 166 (Tex. 1920) (statute authorizing cities, on vote of the people, to improve streets and assess costs against abutting property did not unconstitutionally delegate legislative power); Sullivan v. Roach-Manigan Paving Co. of Texas, 220 S.W. 444 (Tex. Civ. App. — San Antonio 1920, writ dism'd) (street improvement statute authorizing acceptance by city does not violate article III, section 1 or article I, section 28 of Texas Constitution).

The more recent cases accept the principle that the legislature may authorize a political subdivision to accept the provisions of general law by a vote of the people. The statute permitting cities to provide a police and firemen's civil service system, following an election, did not unconstitutionally delegate the power to suspend laws. City of Fort Worth v. Fire Department of City of Fort Worth, 213 S.W.2d 347 (Tex. Civ. App. — Fort Worth 1948), aff'd in part, rev'd in part on other grounds, 217 S.W.2d 664 (Tex. 1949). In Reynolds v. Dallas County, 203 S.W.2d 320 (Tex. Civ. App. -- Amarillo 1947, no writ), the court upheld a statute authorizing counties to use voting machines on a local option basis. It held that the statute did not unconstitutionally delegate the legislature's power to suspend and make laws, stating as follows:

> Article 2997a is a general law and complete within itself. It applies to all counties in the State but becomes operative in a county only upon its adoption by the commissioners court of that county. ... [T]he legislature cannot delegate to the people ... its

> authority to make laws; but that does not mean the legislature is without authority to confer a power upon a municipal corporation or its governing body authority and power to accept or reject the benefits and provisions of a general law legally enacted by the legislature.

203 S.W.2d at 324. It went on to say that local authorities were better able than the legislature to determine whether voting machines were needed in their districts, and under such circumstances the legislature could delegate them the power to decide whether the general law should become effective within their jurisdictions. See also Trimmier v. Carlton, 296 S.W. 1070 (Tex. 1927) (legislature may enact law on matter of local concern to become operative on vote of people to be affected).

Additionally, unlike the early cases limiting the use of local option laws, the legislature here is exercising a specific permissive constitutional power which it has chosen not to exercise to the fullest degree. The legislature has adopted a law which effectively provides an exemption only when a certain condition is met. The condition which the legislature has recognized is the determination by the local jurisdiction to tax automobiles and is grounded in the constitutional authority of the various political subdivisions to levy and collect taxes. Even if Mitchell, Lyle and similar cases still are correct statements of the law, we believe this situation is fundamentally different from those cases which involved the local option prohibition of the operation of pool halls.

In view of the language and holdings of the more recent cases on local option laws and in view of the fact that the constitutional provision allowing the legislature to exempt is a permissive one, we believe the legislature can enact a local option tax law without violating article I, section 28 or article III, section 1 of the Texas Constitution. The earlier cases struck down local option laws which permitted political subdivisions to except themselves from general laws regarding the legality of certain conduct and occupations. We believe these cases must be limited to their facts, and that their rationale does not apply to matters of local administration.

We finally consider whether the tax on automobiles will be "equal and uniform" within the first sentence of article VIII, section 1, if some taxing jurisdictions provide the exemption while others do not. Taxes are "equal and uniform" within the constitutional provision when no one within the taxing district is taxed at a different rate than other persons in the same district upon the same property. Norris v. City of Waco, 57 Tex. 635 (1882); see also Smith v. Davis, 426 S.W.2d 827 (Tex. 1968); Weatherly I.S.D. v. Hughes, 41 S.W.2d 445 (Tex. Civ. App. -- Amarillo 1931, no writ). Therefore, the statute permitting taxing districts to tax automobiles will not violate the "equal and uniform" provision of article VIII, section 1. Of course, any legislation should be structured to insure that adoption of the proposed tax by some counties but not others does not cause the state ad valorem tax to be levied on varying bases in different counties.

Honorable Tim Von Dohlen   —   Page Four   (MW-11)

## SUMMARY

The legislature may exempt certain automobiles from ad valorem taxation. It may also permit local taxing authorities to determine whether to impose a tax on automobiles.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Rick Gilpin
William G Reid
Martha Smiley