ESTATE OF VERNIS FULMER, DECEASED, LOIS FULMER, EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14851–83.     Filed August 30, 1984.

*Merle R. Flagg*, for the petitioner.
*William P. Hardeman*, for the respondent.

OPINION

SIMPSON, *Judge*: This matter is before us on the Commissioner's motion, which we shall treat as a motion for summary judgment under Rule 121, Tax Court Rules of Practice and

Procedure.[1] At the hearing on the motion, the parties agreed that there is no genuine issue as to any material fact and that a decision may be rendered by us as a matter of law pursuant to Rule 121, but each party asked that a decision be entered in its favor. The sole issue raised by the motion is whether certain tort judgments and certain attorney's fees paid with respect thereto, which were ordered by a Texas State court to be paid from the one-half portion of the community property belonging to the decedent who had committed the torts, are deductible by the decedent's estate in full or only to the extent of one-half of the amounts paid. At the conclusion of the hearing, the Court took this matter under advisement.

The Commissioner determined a deficiency of $195,872.47 in the estate tax due from the Estate of Vernis Fulmer with an allowable credit for State death taxes, if substantiated, of $18,528.32. The petitioner filed a petition disputing a portion of the deficiency. The executrix, Lois Fulmer, was a legal resident of Nacogdoches, TX, at the time the petition was filed in this case.

In an action in the 145th Judicial District Court of Nacogdoches County, TX, Jerry Don Rider and Nancy Hester (Rider) sought to recover damages from the Estate of Vernis Fulmer. According to the pleadings in that case, the decedent, Vernis Fulmer, negligently shot Jerry Don Rider and intentionally or negligently shot Nancy Hester (Rider). Originally, Jerry Don Rider was granted judgment for $363,200, and Nancy Hester (Rider) was granted judgment for $683,200. On appeal, the case was reversed, and a new trial was ordered. Thereafter, the petitioner entered into a settlement, approved by the District Court of Nacogdoches County, pursuant to which judgments were entered against the estate in favor of Jerry Don Rider for $89,750 and in favor of Nancy Hester (Rider) for $264,750.

Based on its review of the pleadings and the circumstances of the case, the District Court also directed, in its judgment, that in accordance with section 5.62 of the Texas Family Code (Vernon 1975), it would be just and equitable that the judgments be paid from the separate property of the decedent. The judgments further provided that if there was no separate property of the decedent, or if the separate property of the

---

[1] Any reference to a Rule is to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

decedent was insufficient to satisfy the judgments, then the judgments, or the remaining balance thereof, should be "paid from the one-half portion of the community property that belonged to Vernis Fulmer, deceased."

Thereafter, the County Court at Law of Nacogdoches County, TX, sitting in probate, issued its order approving the two settlement agreements. Citing section 5.62 of the Texas Family Code (Vernon 1975) and stating that under all the circumstances it would be just and equitable, the court ordered Lois Fulmer, as executrix of the estate, to pay the judgment "from the one-half portion of the community property belonging to the Estate of Vernis Fulmer, deceased, there being no separate property on hand belonging to the Estate of Vernis Fulmer, deceased."

In his notice of deficiency, the Commissioner determined that since the tort judgments were payable out of community property, only one-half of the judgments and the related attorney's fees were properly chargeable under Texas law to the estate of the decedent and deductible by the estate. The petitioner has paid the entire amount of such judgments and related attorney's fees, and claims that it is entitled to deduct such amounts. Thus, we must decide whether the petitioner is entitled to deduct the entire amounts or only one-half thereof.

The nature of a legal interest in property is a matter of State law, and therefore, in the present case, we must look to Texas law. *Broday v. United States*, 455 F.2d 1097, 1099 (5th Cir. 1972); *Johnson v. Commissioner*, 72 T.C. 340, 344 (1979). Texas is a community property State. See 3 L. Simpkins, Texas Family Law with Forms, secs. 15:1 – 15:30 (Speer's 5th ed. 1976). It is well settled in Texas that the community property of a husband and wife is subject to the payment of debts contracted by either of them during marriage, except when otherwise specially provided by law. *United States v. Stapf*, 375 U.S. 118 (1963); *Alamo Candy Co. v. Zacharias*, 408 S.W.2d 517 (Tex. Civ. App. 1966); *Stone v. Jackson*, 109 Tex. 385, 210 S.W. 953 (1919). Furthermore, community property is the primary fund for the payment of community debts. *Clark v. First Nat. Bank*, 210 S.W. 677 (Tex. 1919); *Coghlan v. Sullivan*, 480 S.W.2d 229 (Tex. Civ. App. 1972).

In Texas, one spouse is not personally liable for the torts of the other spouse committed during the marriage. Tex. Fam.

Code Ann. sec. 5.61 (Vernon 1975); *Turner v. Turner,* 385 S.W.2d 230, 232 (Tex. 1964); *de Anda v. Blake,* 562 S.W.2d 497, 501 (Tex. Civ. App. 1978). However, all of the community property is subject to the tortious liability of either spouse incurred during marriage. Tex. Fam. Code Ann. sec. 5.61(d) (Vernon 1975); *Lawrence v. Hardy,* 583 S.W.2d 795, 799 (Tex. Civ. App. 1978); *Maness v. Reese,* 489 S.W.2d 660, 665 (Tex. Civ. App. 1972).

Section 5.61 of the Texas Family Code (Vernon 1975) provides in part:

Sec. 5.61. Rules of Marital Property Liability

(a) A spouse's separate property is not subject to liabilities of the other spouse unless both spouses are liable by other rules of law.

(b) Unless both spouses are liable by other rules of law, the community property subject to a spouse's sole management, control, and disposition is not subject to:

\*    \*    \*    \*    \*    \*    \*

(2) any nontortious liabilities that the other spouse incurs during marriage.

\*    \*    \*    \*    \*    \*    \*

(d) All the community property is subject to tortious liability of either spouse incurred during marriage.

Section 5.62 of the Texas Family Code (Vernon 1975) provides:

Sec. 5.62. Order in Which Property is Subject to Execution

(a) A judge may determine, as he deems just and equitable, the order in which particular separate or community property will be subject to execution and sale to satisfy a judgment, if the property subject to liability for a judgment includes any combination of:

(1) a spouse's separate property;

(2) community property subject to a spouse's sole management, control, and disposition;

(3) community property subject to the other spouse's sole management, control, and disposition; and

(4) community property subject to the spouses' joint management, control, and disposition.

(b) In determining the order in which particular property will be subject to execution and sale, the judge shall consider the facts surrounding the transaction or occurrence upon which the suit is based.

The Commissioner contends that section 5.61(d) of the Texas Family Code provides that all community property is subject to the tortious liability of either spouse, and that since the torts of the decedent occurred during marriage, the liabilities therefore attached to the community property of the decedent and his wife; consequently, he maintains that only one-half of such liabilities are properly payable and deductible by the estate. On the other hand, the petitioner contends that the Texas courts acted properly under the authority of section 5.62 of the Texas Family Code in directing that the entire amount of the judgments and the attorney's fees be paid from the estate and that accordingly such amounts are deductible by it.

In interpreting sections 5.61 and 5.62 of the Texas Family Code, we are bound by the decisions of the Supreme Court of Texas. However, since that court has not considered such provisions in a context similar to that before us in the present case, we must apply what we "find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State." *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967); *Padre Island Thunderbird, Inc. v. Commissioner*, 72 T.C. 391, 395 (1979). "In this respect, * * * [we] may be said to be, in effect, sitting as a state court." *Commissioner v. Estate of Bosch, supra* at 465.

Section 5.62 of the Texas Family Code is a marshaling statute. See 3 L. Simpkins, Texas Family Law with Forms, secs. 20:23, 20:28, 34:1, 34:8 (Speer's 5th ed. 1976); McKnight, "Management, Control and Liability of Texas Marital Property," 2 Community Prop. J. 76, 81 (1975). The Family Law Section of the State Bar of Texas prepared in 1966 a proposed revision of the Texas Matrimonial Property Law. In the accompanying explanation which was distributed to the Texas Legislature, it was stated:

Under the present law the creditor can reach whatever he can find to satisfy his judgment unless an equity of marshalling is asserted. It will be the responsibility of a spouse to assert this doctrine if he or she should desire to take advantage of it. Upon proper pleadings in the alternative the spouses can protect themselves in the event liability is found. However, unless the statute is plead, the Doctrine of Creditor's Choice would still apply.

Thus, the provisions of section 5.61(d) and 5.62 are wholly consistent. Under section 5.61(d), all the community property of both spouses is subject to the tortious liability of either

spouse incurred during marriage. *Lawrence v. Hardy, supra; de Anda v. Blake, supra*; 3 L. Simpkins, Texas Family Law with Forms, *supra* at secs. 20:10, 20:16, 34:1, 34:8. See generally W. de Funiak & M. Vaughn, Principles of Community Property, secs. 181–182 (2d ed. 1971); 1 J. McCahey, Valuation & Distribution of Marital Property, sec. 20.07[3] (1984); W. McClanahan, Community Property Law in the United States, secs. 10:1 – 10:9 (1982). Section 5.62 provides only that a court may, as equitable considerations require, determine the order in which property is to be used to satisfy a judgment against one of the spouses.

Other community property States similarly provide for the equitable marshaling of assets. See, e.g., California: Cal. Civ. Code sec. 5122 (West 1983); *Tinsley v. Bauer*, 125 Cal. App. 2d 714, 271 P.2d 110 (Dist. Ct. App. 1954); *McClain v. Tufts*, 83 Cal. App. 2d 140, 187 P.2d 818 (Dist. Ct. App. 1947). New Mexico: N.M. Stat. Ann. sec. 40–3–10 (1983); *Dell v. Heard*, 532 F.2d 1330 (10th Cir. 1976); *Herrera v. Health and Social Services*, 92 N.M. 331, 587 P.2d 1342 (Ct. App. 1978). Washington: *de Elche v. Jacobsen*, 95 Wash. 2d 236, 622 P.2d 835 (1980); *Casa del Rey v. Hart*, 31 Wash. App. 532, 643 P.2d 900 (1982). Louisiana and Washington provide that if community property is used to satisfy a spouse's separate obligation then the other spouse has a right of reimbursement upon termination of the marriage. Louisiana: La. Civ. Code Ann. arts. 2345, 2364, 2365 (West 1984 Supp.); *Cloud v. Cloud*, 425 So. 2d 329 (La. Ct. App. 1982); *Deliberto v. Deliberto*, 400 So. 2d 1096 (La. Ct. App. 1981). Washington: *de Elche v. Jacobsen, supra; In re Marriage of Harshman*, 18 Wash. App. 116, 567 P.2d 667 (1977). See generally W. McClanahan, Community Property Law in the United States, sec. 10:7 (1982). The Texas courts have recognized that there may be a right of reimbursement where the separate property or the interest in community property of one spouse is used to improve the separate property of the other spouse. *Dakan v. Dakan*, 125 Tex. 305, 83 S.W.2d 620 (1935); *Ogle v. Jones*, 143 S.W.2d 644 (Tex. Civ. App. 1940). So far as we have been able to ascertain, the Texas courts have not decided whether there is a right of reimbursement in favor of a nontort-feasor spouse where a tort claim is satisfied out of community property. The Supreme Court of Washington, another community property State, has recognized a right of

reimbursement in favor of a nontort-feasor spouse where community property is used to satisfy a tort claim. *de Elche·v. Jacobsen, supra*. Thus, we have some reason to believe that the Texas courts would allow for reimbursement in the present case. If the surviving spouse would have had a right of reimbursement in the event that the tort claims had been paid out of her share of community property, the existence of such right would confirm the action taken by the Texas courts in directing that the claims be paid out of the decedent's share of community property.

We recognize that the Commissioner is not bound by a State court judgment to which he was not a party. *Pesch v. Commissioner*, 78 T.C. 100, 129 (1982); *Bruner v. Commissioner*, 39 T.C. 534, 537 (1962). Nor are we bound to accept a Texas trial court's interpretation and application of Texas law. Yet, in our judgment, the Texas courts did properly construe and apply the provisions of section 5.61(d) and section 5.62 of the Texas Family Code. Under section 5.61(d), the court claimants had a right to seek recovery from any and all community property, and their claims could not have been defeated by any marshaling of assets under section 5.62. However, under section 5.62, the courts had the authority to order a marshaling of the assets and to direct that the tort claims be first paid out of the decedent's share of community property if that share was sufficient. Since the tort claims were in fact paid out of such share in accordance with Texas law, the amount of such payments was deductible by the estate, and the related attorney's fees were also properly payable by the estate and deductible by it.

This situation is analogous to the treatment of funeral expenses in Texas. Previously, the Commissioner took the position that funeral expenses were deductible only to the extent of one-half of the estate. Rev. Rul. 66–21, 1966–1 C.B. 219. However, the Texas law was changed providing that funeral expenses were to be charged against the decedent's estate and no part thereof was to be charged against the community share of a surviving spouse. As a result of such change in the law, the Commissioner changed his position and now recognizes that the entire amount of such expenses are deductible by the estate. Rev. Rul. 69–193, 1969–1 C.B. 222. In our view, a similar result must be reached in the present case.

This matter is before us on the Commissioner's motion. However, both parties agreed that there is no genuine issue as to any material fact and that a decision may be rendered by us as a matter of law pursuant to Rule 121. Our Rule 121 was derived from Rule 56, Federal Rules of Civil Procedure (FRCP). Note to Tax Court Rule 121, 60 T.C. 1127 (1973). Accordingly, the principles enunciated by the courts in the interpretation and application of that provision of the FRCP will be considered by us in applying Rule 121. *Espinoza v. Commissioner*, 78 T.C. 412, 415–416 (1982); *Shiosaki v. Commissioner*, 61 T.C. 861, 862 (1974). In the Federal district courts, on a motion for summary judgment made by one party, where both parties agree that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law, a decision may be entered for either party. *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311–312 (9th Cir. 1982); *Local 33, International Hod Carriers v. Mason Tenders District Council*, 291 F.2d 496, 505 (2d Cir. 1961); 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice, par. 56.12 (2d ed. 1983); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, sec. 2720 (2d ed. 1983). In the present case, the parties have so agreed. Accordingly, in light of our legal conclusion, we will grant the motion for summary judgment in favor of the petitioner. Because of other adjustments in the notice of deficiency,

*Decision will be entered under Rule 155.*