ESTATE OF DONALD P. YOUNG, JR., DECEASED, JUDITH H. YOUNG, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Young v. Commissioner
Docket No. 23630-89
United States Tax Court
T.C. Memo 1992-551; 1992 Tax Ct. Memo LEXIS 576; 64 T.C.M. (CCH) 770; September 17, 1992, Filed *576 Decision will be entered under Rule 155. Decedent died testate in 1986. His will provides a "marital bequest" as "the minimum amount, which after taking into consideration, all deductions, exclusions, exemptions and credits (other than the marital deduction) available to my estate for federal estate tax purposes, will result in the imposition of no federal estate tax". The estate paid a $ 26,000 attorney's fee eligible for deduction on the estate tax return, but chose to deduct $ 13,000 of this amount on its income tax returns. Held: The $ 13,000 of attorney's fee that was deducted on the income tax returns does not reduce the amount of the marital bequest. For Petitioner: George Voss. For Respondent: C. Glenn McLoughlin. CHABOT
CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined a deficiency in Federal estate tax against petitioner in the amount of $ 15,269.84. After a concession by respondent, [1] the issue for decision is whether the marital bequest under paragraph III of decedent's will must be reduced on account of $ 13,000 of the attorney's fee deducted by petitioner on its income tax returns. *577 The instant case has been submitted fully stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition was filed in the instant case, Judith H. Young (hereinafter sometimes referred to as Judith), executrix of the Estate of Donald P. Young, Jr., resided in Dodge City, Kansas. Decedent's estate was probated in the District Court of Ford County, Kansas. As of the date of his death, decedent was a domiciliary of Dodge City. Decedent was born on March 2, 1925, and died testate on January 3, 1986. He was survived by his wife, Judith. Decedent's will was executed on December 26, 1984. The will was ordered probated by an order dated January 30, 1986. Judith was appointed executrix by the January 30, 1986, order. Judith, in her capacity as executrix, timely filed a Federal estate tax return (Form 706) for petitioner on October 6, 1986. Judith also filed an amended Federal estate tax return on November 12, 1986. Judith engaged an attorney to handle the probate of the estate and various other legal duties associated with the administration and settlement of the estate for a total fee of $ 26,000. Petitioner paid the fee. *578 Petitioner did not deduct the $ 26,000 attorney's fee as an administration expense on either the original or amended Federal estate tax returns, even though the fee would have qualified as an administration expense under section 2053(a)(2). Petitioner made an irrevocable election under section 642(g) to deduct $ 10,000 of the attorney's fee that was paid on December 30, 1986, on its 1987 income tax return. Petitioner also made an irrevocable election under section 642(g) to deduct $ 3,000 of the attorney's fee paid on December 30, 1986, on its income tax returns. Petitioner now elects to claim the remaining $ 13,000 as an administrative expense under section 2053(a)(2). The will directs the payments of decedent's debts, etc., and bequeaths $ 2,000 to a scholarship fund. The will provides for a marital bequest as follows: III If my wife, Judith H. Young, survives me or is presumed to have survived me, as provided hereinafter in this will, I give, devise and bequeath unto said Judith H. Young a portion of my estate equal to the lesser of (a) the maximum marital deduction allowable for federal estate tax purposes and (b) the minimum amount, which after taking into consideration, *579 all deductions, exclusions, exemptions and credits (other than the marital deduction) available to my estate for federal estate tax purposes, will result in the imposition of no federal estate tax; less the value as determined for such purposes of all interests in property and proceeds of insurance on my life, if any, which passed or have passed to my wife otherwise than under this Paragraph III, but only to the extent that such interest in property and proceeds of insurance are included in my gross estate for federal estate tax purposes and qualify for the marital deduction. This bequest shall be known as the "marital bequest". The words "pass or have passed" shall have the same meaning as the words have under the provisions of Section 2056 of the Internal Revenue Code of 1954 as amended. The "marital bequest" shall not be diminished by any estate, inheritance or other death taxes. In making the computations necessary to determine the amount of the "marital bequest", values as finally determined for federal estate tax purposes shall control. Under no circumstances, however, shall the amount of the "marital bequest" be determined by increasing value of my gross estate by the *580 amount of any generation skipping transfers under the Internal Revenue Code. * * * I intend the property allocated to the "marital bequest" to qualify for any marital deduction, which may be allowed under the Federal Estate Tax law, and all questions applicable to the "marital bequest" shall be accordingly resolved. In this regard, the powers and discretions of my representatives, with respect to the property in the "marital bequest", shall not be exercised or exercisable during the lifetime of my spouse except in a manner consistent with this intent. [Emphasis added.] The will then gives to Judith a life estate in the rest of decedent's property, with remainders to decedent's five children. Decedent was generally familiar with estate and gift taxation, including the unlimited marital deduction, the unified credit, and the use of deductions and credits in connection with estate and income taxes. Decedent wanted to pass to Judith an amount which would result in the imposition of no Federal estate tax. Decedent's attorney drafted decedent's will with the intent to effectuate decedent's wishes. Table 1 shows the amounts of the gross estate and those items that both parties agree *581 should be taken into account in determining the marital bequest. Table 1 Gross estate
$ 1,369,381.00
Less:
- Property passing to Judith outside
- of the will (insurance proceeds, joint
- bank account, IRA, annuities)
263,528.74
- Attorney's fee
13,000.00
- Funeral expenses
7,326.00
- Decedent's debts
13,445.00
- Charitable bequest
2,000.00
- Remainder sheltered by the
unified credit
500,000.00
Thus, both parties agree that at least $ 13,000 of the $ 26,000 attorney's fee should be subtracted from the gross estate in determining the amount of the marital bequest under the will. Respondent contends that the full $ 26,000 attorney's fee -- the $ 13,000 that petitioner irrevocably elected to deduct on petitioner's income tax returns as well as the $ 13,000 that petitioner elects to claim on the estate tax return -- should be subtracted from the gross estate in determining the amount of the marital bequest under the will. Petitioner contends that the $ 13,000 deducted on petitioner's income tax returns should not be subtracted from the gross estate in determining the amount of the marital bequest under the will. We agree with petitioner. *582 Section 2001(a) imposes a tax on the transfer of the taxable estate of every decedent who is a citizen or resident of the United States. The amount of the tax is determined in part, by the value of the taxable estate. Sec. 2001(b). Section 2051 defines the value of the taxable estate as the value of the gross estate less deductions provided for in sections 2051 through 2057. Section 2056(a)[2] provides for a "marital deduction" -- the value of the gross estate is to be reduced by the value of property interests passing to the surviving spouse. *583 Expenses incurred in administering an estate, including attorney's fees, are deductible from the gross estate under section 2053(a). [3] Under section 642(g)[4], the estate may elect to deduct administration expenses on its income tax return if it files a statement waiving its right to deduct these expenses under section 2053(a)(2) in determining the amount subject to tax imposed by section 2001. Estate of Horne v. Commissioner, 91 T.C. 100, 104 (1988). *584 The parties agree that the amount passing to Judith under paragraph III of the will qualifies for the marital deduction. Our task is to determine the amount so passing, particularly with respect to the $ 13,000 of attorney's fee waived under section 642(g). Respondent's deficiency determination is presumed correct and petitioner bears the burden of proof by a preponderance of the evidence. Rule 142(a); [5]Welch v. Helvering, 290 U.S. 111 (1933). The fact that this case was submitted fully stipulated does not alter petitioner's burden of proof. Rule 122(b); Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. 943 F.2d 22 (8th Cir. 1991). Decedent's will was probated in Kansas, and so Kansas law is applicable in determining how much Judith is to take under this bequest. As we stated in Ward v. Commissioner, 87 T.C. 78, 92 (1986) *585 -- In making this determination, we are, "in effect, sitting as a state court," being bound by decisions of the Supreme Court of * * * [Kansas] and "giving 'proper regard' to relevant rulings of other courts of the State." Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967); Estate of Fulmer v. Commissioner, 83 T.C. 302, 306 (1984). The cardinal rule in the construction of a will is that the intention of the testator must be ascertained, and the will interpreted to carry out that intention. Drach v. Ely, 237 Kan. 654, 703 P.2d 746, 749 (1985). In Kansas, a court construing the provisions of a will is required to place itself in the shoes of the testator at the time the testator made the will, in order to determine as best it can the purpose and intentions the testator tried to convey by the language used. Lehner v. Estate of Lehner, 219 Kan. 100, 547 P.2d 365, 368 (1976). To determine whether decedent intended Judith to have discretion to elect to deduct the attorney's fee on the income tax returns or the estate tax return *586 and whether the marital bequest must be reduced by the amount of the attorney's fee that was deducted on the income tax returns, we must look at the will as a whole. The will provides the amount of the marital bequest to be as follows: the lesser of (a) the maximum marital deduction allowable for federal estate tax purposes and (b) the minimum amount, which after taking into consideration, all deductions, exclusions, exemptions and credits (other than the marital deduction) available to my estate for federal estate tax purposes, will result in the imposition of no federal estate tax; * * * It is unclear which deductions the decedent intended to include by choosing to use the term "available". The parties have not directed our attention to, and we have not found, any Kansas opinions bearing on the interpretation of "available" in the context we face in the instant case. However, bearing in mind the injunction that we are to place ourselves in decedent's shoes as of December 26, 1984 (when he executed the will), we will try to determine how a Kansas court would determine decedent's intent from the will as a whole. In determining the meaning decedent intended these words to *587 have we note that the parties have stipulated that (1) decedent was generally familiar with estate and gift taxation, including the marital deduction, the unified credit, and the use of deductions and credits in connection with estate and income taxes; (2) decedent wanted to pass to Judith an amount that would result in the imposition of no Federal estate tax; and (3) decedent's attorney drafted the will with the intent to effectuate decedent's wishes. We also note decedent's apparent concern with the tax ramifications of the disposition of his property. Decedent's will makes 10 references to either the Internal Revenue Code, the Federal estate tax, or a particular code section in the first 3 pages of the 7-page will. Decedent even specified in his will that if there were any questions as to the marital bequest, then they were to be resolved in accordance with the Federal estate tax law. We note that decedent gave Judith discretion in various parts of the will, for example to select and allocate the assets that were to make up the marital bequest and in handling the property in which Judith had a life estate; thus we conclude that the decedent intended to give Judith some discretion. *588 Our role is to carry out the decedent's objectives in accordance with his directions in the will. The Kansas courts have looked at both the language contained in the four corners of the will and any extraneous circumstances surrounding the execution of the will that would assist in understanding the testator's intent and purpose. Lehner v. Estate of Lehner, 547 P.2d at 369. The extraneous circumstance that we examine in the instant case is the relationship of the testator, Judith, and their children as disclosed from the entire record. The testator left at least some interest in all of his property (apart from the $ 2,000 gift to charity) to Judith. Under the will, Judith is to receive an amount as a marital bequest outright, with a life estate in the remainder of his property. There is no indication in the will that the testator wanted to limit the amount of, or access to, property that Judith was to receive. In fact, Judith was expressly given the right to sell the property conveyed and to lease any real estate for oil, gas and other mineral rights. Judith was directed to use the proceeds from the sale of the property to buy *589 similar property or divide the proceeds between the children and herself. Judith was to receive, as her own separate income, any royalties from the production of oil, gas, or other minerals during her lifetime. Neither Judith nor her estate was to be charged for waste in regards to the mineral rights or the royalties. Judith was also given the power "to invade and use any of the corpus or remainder of said property to maintain my said wife on ascertainable standards of health and comfort in the event that the income from this property is insufficient and her other assets available are insufficient for her care." The property that is left at Judith's death is to pass to the testator's children. Judith was given wide discretion in handling the property that made up the life estate. The record discloses a harmonious relationship between the testator, Judith, and their children. We have weighed the considerations of the uncertainty of the term "available" against the extraneous circumstances of the harmonious relationship of the testator, Judith, and their children. We conclude that, although the matter is not free from doubt, petitioner has succeeded in carrying its burden of *590 proving that it is more likely than not (see, e.g., Popa v. Commissioner, 73 T.C. 130, 135 (1979)), that a Kansas court would rule that decedent would have wanted the marital bequest calculated without regard to the attorney's fee that is deducted on the income tax returns and not on the estate tax return. Thus, the marital bequest is reduced by only $ 13,000 of attorney's fee, as petitioner contends. We hold for petitioner. [6]
To take account of respondent's concession and other matters, Decision will be entered under Rule 155. [7]
*591 Footnotes
1. Respondent conceded on answering brief that the marital bequest is not to be reduced by a further amount on account of the State death tax credit under section 2011. This renders moot respondent's motion to conform the pleadings to the proof, as to the effect of the State death tax credit. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986 in effect for the date of decedent's death.↩
2. SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE. (a) Allowance of Marital Deduction. -- For purposes of the tax imposed by section 2001↩, the value of the taxable estate shall, except as limited by subsection (b), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.
3. Sec. 2053(a) provides, in pertinent part, as follows: SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES. (a) General Rule. -- For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts -- * * * (2) for administration expenses, * * * as are allowable by the laws of the jurisdiction * * * under which the estate is being administered.↩
4. Sec. 642(g) provides, in pertinent part, as follows: SEC. 642. SPECIAL RULES FOR CREDITS AND DEDUCTIONS. * * * (g) Disallowance of Double Deductions. -- Amounts allowable under section 2053 or 2054 as a deduction in computing the taxable estate of a decedent shall not be allowed as a deduction (or as an offset against the sales price of property in determining gain or loss) in computing the taxable income of the estate or of any other person, unless there is filed, within the time and in the manner and form prescribed by the Secretary, a statement that the amounts have not been allowed as deductions under section 2053 or 2054 and a waiver of the right to have such amounts allowed at any time as deductions under section 2053 or 2054. * * * [The subsequent amendment of this provision by sec. 7811(j)(3) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2411, does not affect the instant case.]↩
5. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
6. On brief, petitioner directed our attention to Estate of Richardson v. Commissioner, 89 T.C. 1193 (1987). Our task in the instant case would have been far simpler if the will in the instant case had used the Estate of Richardson formulation, "deductions * * * claimed and allowed" (89 T.C. at 1194↩), instead of the formulation, "deductions * * * available to my estate".
7. It has been suggested that Kansas death taxes creditable under section 2011(b) might eliminate any Federal estate tax deficiency. In the instant case, the Court has proceeded to decide the issue presented because it is within our jurisdiction and neither side has formally contended that the marital bequest issue is moot. In future cases, we may consider requiring the appropriate party to demonstrate that the issue in dispute is not moot. See, e.g., Foster v. Commissioner, 80 T.C. 34, 236-237 (1983), affd. in part and vacated in part 756 F.2d 1430↩ (9th Cir. 1985).