**Craig A. DELL, Plaintiff-Appellant,**

v.

**William A. HEARD, Jr.,
Defendant-Appellee.**

**No. 75–1147.**

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 12, 1975.

Decided March 30, 1976.

Zenon F. Myszkowski, Albuquerque, N. M., for plaintiff-appellant.

Eugene E. Klecan, Albuquerque, N. M., for defendant-appellee.

Before BREITENSTEIN, HILL and BARRETT, Circuit Judges.

HILL, Circuit Judge.

This is a diversity case originating in the District of New Mexico. Appellant, a New Mexico resident, filed a complaint containing two counts. Count I alleged appellee, a resident of Arkansas, was married to Edna Heard at all times mentioned therein. Further allegations were that Edna Heard, on or about February 12, 1971, was driving a car within the scope and purpose of the family purpose doctrine, that a judgment was entered in appellant's favor against Edna Heard in a New Mexico state court as a result of her negligent actions while driving on the aforementioned date, and that only $10,000 of the $65,000 judgment had been paid. Appellant sought $55,000 plus costs from appellee. Count II alleged the specific negligent actions Edna Heard com- mitted, described appellant's resulting inju- ries, claimed applicability of the family pur- pose doctrine and prayed for $597,500 actu- al damages and costs.

Appellee answered and, for affirmative defenses as to Count I, said no cause of action was stated and appellant's contribu- tory negligence barred recovery. As to Count II, appellee answered that no cause of action was stated, contributory negli- gence barred relief, and the "[f]ailure to bring an action against this defendant at the time Edna Heard was served bars a recovery."

The court sustained a motion to dismiss as to Count I " . . . because the de- fendant was not a party to the state court action which produced the judgment sought to be enforced against the defendant." The court denied a motion to dismiss Count II " . . . because the New Mexico law of family purpose doctrine applies to a vehicle driven by a spouse." Following this order, appellee filed an additional memorandum in support of his motion to dismiss Count II. Appellee sought to rely on " . . . di- verse legal theories which could all be cate- gorized broadly under the principles of eq- uitable estoppel." The legal theories men- tioned included res judicata, doctrine of election of remedies, public policy consider- ations, collateral estoppel, extinguishment of cause of action, and doctrine of merger. The court entered another order dismissing the complaint and action with prejudice. The court said:

> Defendant's position that the plaintiff is barred from bringing this claim by the rule of election of remedies is well taken. Where an injured plaintiff, with full knowledge of all the facts, has recovered a valid judgment against the implied agent, the judgment is a bar to a subse- quent action against the implied principal whose liability arises solely by virtue of the doctrine of respondeat superior, and without fault of his own, where the sub- sequent action is for the identical act of negligence of the implied agent.

Appellant filed a motion for rehearing with supporting affidavit. Appellant point-

ed to two attempts in the state action to have appellee joined on the ground the automobile was used within the family purpose doctrine. Both motions were apparently denied by the state judge. Appellee responded with an affidavit indicating the reason the motions were denied in state court was that they were not timely. The trial court denied the motion for rehearing.

The briefs on appeal deal most extensively with application of the doctrine of election of remedies. Although denominated an "election of remedies," the rule quoted by the trial court in dismissing Count II is really a statement of an "election of parties." Consequently, the applicability of the trial court's rule is not to be determined by a strict "election of remedies" analysis.

■ Appellant initially attacks the use of this election defense on a procedural ground. Appellant says the defense was not properly raised in the answer when appellee listed the following as an affirmative defense: "Failure to bring an action against this defendant at the time Edna Heard was served bars a recovery." Although it might be argued under the liberalized construction given pleadings, *see, e. g., Mutual Creamery Ins. Co. v. Iowa Nat'l Mut. Ins. Co.,* 427 F.2d 504 (8th Cir. 1970), that the defense was properly and sufficiently raised, the stronger ground for decision here rests on F.R.Civ.P. 15(b). That rule provides in pertinent part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Appellant did not object to the raising of the election defense as it was later amplified by appellee; appellant responded to the defense in a memorandum submitted to the court. Consequently, we hold the issue was tried by the implied consent of the parties. *See* 3 Moore's Federal Practice ¶ 15.13[2] at 987 (2d ed. 1974).

From the many attacks made on applicability of the doctrine of election of remedies, we distill two major assaults relevant to the "election of parties" doctrine: (1) was the doctrine applicable in this case, and

(2) was appellee estopped to plead an election because of his successful attempt to resist joinder in the state action?

■ This is a diversity case and the governing law is that of New Mexico. New Mexico recognizes the family purpose doctrine. A New Mexico jury instruction defining the doctrine read:

If a motor vehicle is maintained by the owner for the general use and convenience of his family, then the owner is liable for the negligence of a member of the family (whether he be a minor or an adult), having authority to drive the motor vehicle and while it is being used for the pleasure or convenience of the family or a member of it.

*Peters v. LeDoux,* 83 N.M. 307, 491 P.2d 524 (1971). The trial judge determined this doctrine was applicable when the spouse was the car's driver. The trial court, utilizing the family purpose doctrine, described the relationship of appellee and his wife as that of implied master and servant. Principles of master-servant law govern liability of the motor vehicle owner when the family purpose doctrine is invoked. 8 Am.Jur.2d *Automobiles and Highway Traffic* § 588 (1963). Consequently, the trial court had to determine the legal propriety of a subsequent suit against an implied master when a judgment had previously been secured against and partially satisfied by the implied servant.

■ As mentioned above, the trial court held the judgment in the prior action against the "servant" barred this subsequent action against the "master". Cases were cited where an election of the parties rationale was discussed in master-servant situations. We have not been cited to any controlling New Mexico law on the subject and we have not located any. Consequently, this is a case where we give great weight and credence to the view of the district judge concerning the unsettled law of the state in which that district judge sits. *Sade v. Northern Natural Gas. Co.,* 501 F.2d 1003 (10th Cir. 1974); *United States v. Hershberger,* 475 F.2d 677 (10th Cir. 1973). Applying this salutary rule of appellate re-

view to this case, we cannot say the trial court erred in its legal determination.[1]

Appellant contends, even if the election would normally operate as a bar, no bar should be allowed here because appellee successfully resisted joinder in the state court. Appellant, thus, contends that action operates to estop appellee from claiming the bar of election. As support for appellant's argument, *Ross v. T. C. Bateson Constr. Co.,* 270 F.2d 796 (5th Cir. 1959), is cited. In *Ross,* a materialman had filed a Miller Act suit against a prime contractor. A subcontractor, Ross, who had suffered financial loss because of the prime contractor's delay, had intervened, as had the subcontractor's surety. By counterclaim, Ross had sought his earnings under the subcontract. Other creditors had settled but the counterclaim cause of action had proceeded. An amendment to the counterclaim had sought damages caused by the delay in performance and delay in payment of an adjusted contract price. The trial judge had refused to allow the amendment. The action reported in *Ross* was the subsequent suit containing the allegations of the refused amendment to the counterclaim. The trial judge had granted a directed verdict against Ross, holding the former suit barred this action. The Fifth Circuit reversed and held that res judicata did not bar this action as it involved a different issue from that litigated in the former suit. The court noted that Ross had tried to assert this very cause in the former suit but was not allowed to do so.

Appellant argues the facts in *Ross* indicated the amendment was previously rejected on a timeliness ground; the court, however, indicates to the contrary: " . . . there seems to have been a serious doubt in the mind of the judge in case 817 [the former suit] that this cause of action prop-

erly belonged in a suit under the Miller Act."

New Mexico recognizes the doctrine of equitable estoppel.

Where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. *In re Maddison,* 32 N.M. 252, 255 P. 630.

*Eads Hide & Wool Co. v. Merrill,* 252 F.2d 80 (10th Cir. 1958). In the instant matter, the reason joinder of appellee was not allowed in the state court is not clear. The recollections of counsel, as derived from their affidavits submitted on the motion for rehearing, are that the state court felt joinder was not timely. The ruling of the state court is not for review here. Consequently, we believe that on the record before this court, it is impossible to say appellee assumed an inconsistent position concerning joinder in the state court suit which estops him from using the election of parties defense in the instant matter.

For his second contention, appellant relies upon the following rule:

[A] complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim* (emphasis supplied).

2A Moore's Federal Practice ¶ 12.08 (2d ed. 1975). Appellant argues the facts indicated he was entitled to relief and consequently the complaint should not have been dismissed. Appellant bases his right to enforce the state court judgment against appellee upon certain New Mexico statutes enacted in 1973. N.M.Stat.Ann. § 57–4A–

---

1. Although appellant has not specifically attacked the trial court's statement of the rule, it should be noted that a second suit against the master or the servant generally has been disallowed in the context where the prior action against the master or servant resulted in a collectible or satisfied judgment for the injured party. *Compare Massoth v. Staples,* 481 P.2d

141 (Okl.1971), *and Marange v. Marshall,* 402 S.W.2d 236 (Tex.Civ.App.1966), *with Sherwood v. Huber & Huber Motor Exp. Co.,* 286 Ky. 775, 151 S.W.2d 1007 (1941). Giving weight and credence to the district judge's view of New Mexico law, we cannot say New Mexico courts would so limit the barring effect of the election to that context.

3A(5) provides that a separate debt arises, *inter alia,* from "a separate tort committed during marriage." Section 57–4A–3B states a community debt is "a debt . . incurred by either or both spouses during marriage which is not a separate debt."[2]

Subsequent statutes provide the priorities for satisfaction of separate and community debts. Under the 1973 version of § 57–4A–5, the separate property of both spouses was made jointly and severally liable for the satisfaction of a community debt.[3] Appellant argues his cause of action was for an after-the-fact determination that Edna Heard's tort was a community tort which rendered the husband's separate property liable for satisfaction of the judgment debt. This argument was made in a brief submitted to the trial court; appellant did not seek leave to amend his complaint to set forth the statutory framework. The trial court in dismissing Count I did not refer to appellant's briefed argument concerning community property laws.

We cannot agree that this alleged cause of action would allow a court to return a judgment against the husband. This suit was not in any manner a suit to execute on property, which is the subject matter of § 57–4A–5. In one New Mexico decision, prior to enactment of the new community property laws, the after-the-fact determination of a tort's characterization as separate or community was made when suit was brought to foreclose a judgment lien. *McDonald v. Senn,* 204 P.2d 990 (N.M.1949). We believe the issues presented by appellant under the community property laws do not set forth a cause of action against appellee but would be determined if and when appellant proceeded to execute on property belonging to appellee.

A final argument raised by appellant is the trial court abused its discretion in dismissing the complaint with prejudice and not giving leave to amend. Appellant, of course, did not seek leave to amend at any time in the court below. Moreover, this is a case where amendment would have been futile; we cannot perceive how the "underlying facts or circumstances" could be a "proper subject of relief." *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *DeLoach v. Woodley,* 405 F.2d 496 (5th Cir. 1968).

AFFIRMED.

---

2. The following explanation of community and separate torts under this statute assists in understanding appellant's claim.

> This section [57–4A–3] leaves to the courts the problem of determining whether a tort committed by a spouse during marriage is a "community" or a "separate" tort. Under the rule followed in most community property states, the test to be applied in such cases is an after-the-fact determination of whether the act in which the spouse was engaged at the time of the tort was one which was of actual or potential benefit to the community. If it was of benefit, the tort is a "community" tort, and thus a community debt, to be collected under the provisions of § 57–4A–5. . . . If the activity in which the tortfeasor spouse was engaged was of no benefit to the community, the tort is a "separate" tort, collectible only as a separate debt under § 57–4A–4.

Bingaman, *The Community Property Act of 1973: A Commentary and Quasi-Legislative History,* 5 N.M.L.Rev. 1 (1974).

3. In 1975, the statutes setting out the priorities for satisfaction of separate and community debts were amended. The 1973 version of § 57–4A–5 provided for the final source of satisfaction as follows: " . . . the separate property of the spouses is jointly and severally liable for the satisfaction of community debts." The amended version contains the following replacement language: " . . . only the separate property of the spouse who contracted or incurred the debt shall be liable for its satisfaction. If both spouses contracted or incurred the debt, the separate property of both spouses is jointly and severally liable for its satisfaction."