Lee BUCHBINDER, Plaintiff,

v.

WEISSER COMPANIES, INC., Weisser Optical Company, Weisser Optical Company–Springfield, Weisser Union Optical Company, B & P Investments, Inc., Joliet Optical Company, Medicare Optics & Optical Company, NEU Optical Company, Defendants.

No. 86–1006.

United States District Court,
C.D. Illinois,
Peoria Division.

Nov. 23, 1987.

Patricia Benassi, Benassi & Benassi, P.C., Peoria, Ill., for plaintiff.

Mike Lied, Sutkowski & Washkuhn, Peoria, Ill., for defendants.

## ORDER

MIHM, District Judge.

This case is before the Court on the Motions of Plaintiff to enforce the settlement and to join party. The issue on these Motions is whether the Court should enforce an alleged oral settlement agreement between the parties, where the settlement agreement encompasses both state law and federal law causes of actions. The Court finds that it should not. After reviewing the briefs and affidavits submitted by the parties, and hearing oral arguments, the Court submits the following findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1. Plaintiff, Lee Buchbinder (hereinafter "Buchbinder"), was formerly employed by one or more of the corporate Defendants. Subsequent to the termination of his employment in 1985, he filed several pieces of litigation. In the instant action, he alleges that he was discharged on the basis of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. Local 536 of the United Food and Commercial Workers Union, of which Buchbinder is a member, also filed a lawsuit in this Court seeking enforcement of an arbitrator's decision which had reinstated Buchbinder to employment.

2. Buchbinder also filed an action in Illinois state court, seeking recovery for an alleged breach of a written contract of employment between Buchbinder and Weisser Optical Company and Weisser Companies, Inc.

3. Phillip Hirsch (hereinafter "Hirsch"), president of the corporate Defendants, had not been named a party to any of this litigation prior to June 8, 1987, when the Tenth Circuit Court of Illinois allowed Buchbinder to amend his complaint to allege an intentional interference with the contract of employment by Hirsch.

4. From May until December of 1986, Buchbinder's counsel and counsel for Defendants had continuing discussions concerning potential settlement of the three actions filed by Buchbinder. The substantive provisions which were negotiated during these discussions were reported at each step by defense counsel to Defendants' principal, Hirsch.

5. On December 8, 1986, this Court was advised by counsel for the parties that this matter had been settled.

6. On January 23, 1987, Buchbinder's counsel tendered a written agreement to Defendants' attorney for the signature of Phillip Hirsch. Defendants' attorney made minor, non-substantive modifications to the agreement.

7. According to the settlement agreement, all three court cases were to be settled for one lump settlement amount, with no apportionment among the various underlying claims.

8. On February 17, 1987, Defendants' attorney advised Plaintiff's counsel that Hirsch refused to execute the documents.

9. In response to Hirsch's refusal to sign the settlement agreement, Buchbinder filed a Motion to Enforce the Settlement Agreement, in the form proposed by his counsel on January 23, 1987, and filed a related Motion to Join Hirsch, in his individual capacity, as a party Defendant. The basis of the Motion to Join Hirsch as a party Defendant was that he had allegedly agreed to personally guarantee the settlement agreement.

## CONCLUSIONS OF LAW

1. The dispositive issue in this case is whether this Court lacks subject matter jurisdiction over Buchbinder's state court claim. While it is well-established that a

federal court may enforce a settlement reached in an action pending before it, this principle only applies if the underlying substantive rights of the parties are created by federal law or are ancillary to the federal claims. *U.S. ex rel. Great Lakes Plumbing v. Orr Construction Co.*, 560 F.2d 765 (7th Cir.1977).

2. A settlement agreement is a contract, *Air Line Stewards and Stewardesses Association v. Trans World Airlines, Inc.*, 713 F.2d 319, 321 (7th Cir.1983), and may fall within the federal court's jurisdiction if there is either diversity of citizenship between the parties or a federal question involved. That is, a settlement agreement requires an independent basis of federal jurisdiction to be enforceable in federal, rather than state, court. *McCall–Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985).

3. While Buchbinder concedes that this Court would have no original jurisdiction over the state law breach of contract claim, he contends that this claim is pendent to his federal claims. The Court disagrees. The claims raised in the state court breach of contract action are not directly related to the termination of Buchbinder's employment, but, rather, pertain to additional wages allegedly due to Buchbinder throughout much of his employment, and accruing as early as 1971. In short, the contract claims and the federal claims do not arise out of a "common nucleus of operative facts," for the latter claims are based upon Buchbinder's termination. For this reason, the Court finds that there is no basis to invoke the doctrine of pendent jurisdiction with respect to Buchbinder's state law claims.

4. Buchbinder claims that the case of *Southmark Properties v. Charles House Corp.*, 742 F.2d 862 (5th Cir.1984), supports his position. In that case, Southmark bought certain real property in the course of a Chapter 10 bankruptcy reorganization proceeding. Subsequently, Charles House Corporation, the former owner of the property, filed suit in Louisiana state court seeking, among other things, money damages in an amount equal to all the rents, profits, and income derived from the property that Southmark had purchased. Southmark then filed suit in the United States District Court for the Eastern District of Louisiana, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, requesting an order declaring that Southmark's purchase of the property and the reorganization sale were valid and that Charles House Corporation had no valid claims against Southmark arising out of the reorganization sale. Southmark also requested the federal court to enjoin any further state court actions by Southmark based upon the reorganization sale. The district court issued both declaratory judgment and the injunction. On appeal, Charles House argued that the district court lacked jurisdiction over Southmark's action, to which the court of appeals responded that "a district court possesses ancillary jurisdiction to secure or preserve the fruits and advantages of a judgment or decree rendered by that court." The court of appeals observed that Charles House's state court action sought, in effect, to nullify the results of the reorganization sale.

5. *Southmark Properties* is distinguishable from this case. There, the district court clearly had jurisdiction over Southmark's lawsuit, because it was filed pursuant to the Declaratory Judgment Act and also because Southmark sought to enforce a decree of the federal bankruptcy referee. Moreover, the central issue in this case, the enforceability of settlement agreements, was not specifically addressed by the court in *Southmark Properties*.

6. The federal courts are courts of limited jurisdiction. Because it is Buchbinder that seeks to invoke this Court's jurisdiction, he bears the burden of establishing that jurisdiction. The Court finds that he has not done so. Because the alleged settlement agreement provided for one lump sum payment as to all three of Buchbinder's claims, the agreement is not severable, and must be enforced either in its entirety or not at all. Since this Court does not have subject matter jurisdiction over the portion of the settlement agreement dealing with Buchbinder's state law

cause of action, it is impossible for this Court to enforce the entire agreement. Consequently, the Court DENIES Buchbinder's Motion to Enforce the settlement agreement.

7. In light of this disposition of the Motion to Enforce the settlement agreement, no discussion of the parties' other arguments as to the issue of enforcement of the settlement agreement is necessary.

8. There is no basis to add Hirsch as a party Defendant except on the basis of the settlement agreement. Because the Court finds that it lacks jurisdiction to enforce that agreement, the Motion to Join Hirsch is DENIED.