Victor J. WANG, Plaintiff and Appellant,

v.

FARMERS STATE BANK OF WINNER, South Dakota, Defendant and Third Party Plaintiff and Appellee,

v.

FARMERS COOPERATIVE OIL ASSOCIATION OF WHITE RIVER and Rosebud Federal Credit Union, Third Party Defendants and Appellees.

Nos. 16304, 16305, 16306.

Supreme Court of South Dakota.

Argued Feb. 13, 1989.

Decided Nov. 1, 1989.

David L. Claggett, Spearfish, for plaintiff and appellant.

Robert J. Maule of Maule & Maule, Winner, for defendant and third party plaintiff and appellee, Farmers State Bank.

Donald E. Covey of Covey Law Office, Winner, for third party defendant and appellee Farmers Cooperative Oil Ass'n.

Lonnie R. Braun of Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, for third party defendant and appellee Rosebud Federal Credit Union.

TAPKEN, Circuit Judge.

### ACTION

The case is a continuing saga. The detailed factual background involved has been set forth in *Wang v. Wang*, 393 N.W.2d 771 (S.D.1986) (*Wang I*). That opinion is referred to for particulars. *See also Wang v. Wang*, 440 N.W.2d 740 (S.D. 1989); *Wang v. Wang*, 447 N.W.2d 519 (S.D.1989). Only facts relevant to this opinion will be set out here.

In December 1987 Victor Wang (Wang) sued Farmers State Bank (Bank) of Winner, South Dakota, alleging two causes of action: (1) conversion when Bank negotiated checks on unauthorized endorsements which constituted forgery, and, (2) negligence when Bank failed to ascertain the validity of the endorsements on the negotiated checks made payable to Wang.

The case involves eighteen checks made payable to Wang and drawn on the account of Rosebud Federal Credit Union (RFCU). Bank, by way of a third-party complaint, brought suit against the Farmers Cooperative Oil Association (Co-op) of White River and RFCU. Bank alleged that prior endorsements by RFCU were made by virtue of a power of attorney from Wang to RFCU. Bank alleged alternatively fraud on the part of RFCU by representing it had a valid power of attorney from Wang.

Further, Bank alleged that Co-op's endorsement guaranteed all prior endorsements.

Co-op cross-claimed against RFCU on the issue of indemnity and affirmatively alleged the statute of limitations. RFCU also alleged statute of limitations as an affirmative defense. Based on the statute of limitations defenses, Co-op and RFCU moved for summary judgment, and Bank subsequently joined in the motion.

The trial court granted the summary judgment and dismissed Wang's complaint on the grounds that Wang failed to bring his conversion suit within six years from the date of the alleged forgery as provided for in SDCL 15–2–13(4), and failed to commence his negligence suit within three years from the accrual of the cause of action as set forth in SDCL 15–2–14(3). The trial court held that an action for conversion relating to a forged instrument begins to accrue at the time of the forgery rather than the alleged date of discovery of the forgery. The trial court dismissed Bank's third-party complaint, denied Wang's motion for sanctions, and denied the motion for terms by Co-op and RFCU. Wang appeals from the dismissal of the complaint. Co-op and RFCU seek a review of the trial court's refusal to grant sanctions against Wang. We affirm.

### FACTS

The facts are basically undisputed. Between the years 1972 and 1978, eighteen checks totaling $121,686.91 were drawn on RFCU's account made payable to Wang. RFCU maintained its checking account at Bank in Winner. RFCU presented the checks to Bank with basically the following endorsement:

PAY TO THE ORDER OF
FARMERS STATE BANK
FARMERS COOPERATIVE OIL ASS'N.
WHITE RIVER, SOUTH DAKOTA
Victor Wang
By His Attorney in Fact
Larry Meiners
Asst Treasurer
ROSEBUD FEDERAL CREDIT UNION

The checks were then deposited in the Co-op bank account which was also maintained at Bank.

## DECISION

■ Wang claims conversion as a result of forged instruments, alleging RFCU did not have a power of attorney from him to endorse the checks. Further, Wang claims he did not become aware of the forged instruments until November 1984, the date of the trial which resulted in *Wang I,* supra.

The trial court applied SDCL 15–2–13(4) which states, in part:

Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within six years after the cause of action shall have accrued:

. . . . .

(4) An action for taking, detaining, or injuring any goods or chattels, including actions for specific recovery of personal property; . . .

All parties agree the trial court was correct in applying the six year limitation of actions to a suit involving an alleged forged instrument based on an unauthorized signature; there is no need to address the correctness of that application in this opinion. The only issue relating to Wang's conversion action is whether the statute of limitations commences at the date of discovery of the conversion or the date the forged instrument was negotiated.

■ Wang urges this court to adopt the "date of discovery rule" recognized in *Salem School Dist. 43–3 v. Puetz Const. Inc.,* 353 N.W.2d 51 (S.D.1984), and *Schuster v. Woodmen Acc. and Life Co.,* 361 N.W.2d 286 (S.D.1985). Those cases, however, are distinguishable on the facts. They did not involve an action for the conversion of funds resulting from forged checks in a commercial situation.

SDCL 57A–3–419(1)(c) provides, "An instrument is converted when ... [i]t is paid on a forged endorsement." The same statute was interpreted in *Gerber v. Manufac-*turers *Hanover Trust Company,* 64 Misc.2d 687, 315 N.Y.S.2d 601, 603 (N.Y. 1970) where the court held, "It is also a well-established principle, now embodied in the Uniform.Commercial Code, that a cause of action for conversion accrues when the conversion occurs and that a check is converted 'when * * * it is paid on a forged endorsement.'" *Continental Cas. v. Huron Valley Nat. Bank,* 85 Mich.App. 319, 271 N.W.2d 218 (1978) similarly holds that a cause of action accrues when the checks are paid on a forged endorsement, and not when the forgery is discovered. Because of the necessity to have finality involving matters dealing with negotiable instruments in the commercial world and the fact it is presumed that a property owner knows what and where his property is, we hold that in a conversion of property case involving an instrument with a forged endorsement, the statute of limitations commences to run from the date a defendant wrongfully exercises dominion over the property, regardless of the plaintiff's ignorance. *Fuscellaro v. Industrial National Corporation,* 117 R.I. 558, 368 A.2d 1227 (1977).

Wang's second cause of action alleges negligence against Bank for failure to determine whether RFCU had authority to negotiate the checks payable to Wang. The trial court held the negligence action was barred by the limitation of actions. Wang discovered the alleged wrong in November 1984, and the action against Bank was not commenced until December 1987. Applying the three year limitation of actions under SDCL 15–2–14(3), the trial court held the action was barred even assuming the date of discovery by Wang was the date the action accrued.

Wang now argues the second cause of action was not actually in negligence, but rather under contract. In the alternative he argues that it is an action for the negligent taking of goods and the six year statute of limitations is applicable. SDCL 15–2–13(1); 15–2–13(4); 15–2–13(5). Since this court has now determined that the date an action accrued on a forged endorsement is when the instrument is paid, the negligence

action necessarily fails as being time barred by the statute of limitations, regardless of whether the three year or six year limitation of actions is applicable. Irrespective of any theory Wang attempts to argue, i.e., conversion, negligence, or contract, he simply did not begin the action within the time period allowed by any of the above statutes since the date of accrual begins on the date of the negotiation of the instrument bearing the forged endorsement and not at the time of discovery of the forgery.

Accordingly, the trial court was correct in granting the summary judgment as a matter of law in favor of all defendants.

■ Co-op and RFCU filed a notice of review relating to the trial court's denial of terms against Wang under SDCL 15–6–11. Wang completely failed to make any response or cite any authority to the request for sanctions by Co-op and RFCU. The statement by Wang's counsel at oral arguments that he did not address the request for review by the Co-op and RFCU because he did not think it was important is untenable. "Imposition of the waiver sanction may be appropriate when attorneys fail to uncover statutes and caselaw which could have been discovered with due diligence." *Henrichs v. Henrichs*, 426 N.W.2d 569, 570 (S.D.1988). However, the trial court failed to make findings of fact and conclusions of law relating to the denial of the request for sanctions as required by SDCL 15–6–11(c). Therefore, the request for review is not properly before this court.

The judgment and order of the trial court is affirmed in all respects.

WUEST, C.J., and MORGAN and SABERS and MILLER, JJ., concur.

TAPKEN, Circuit Judge, for HENDERSON, J., disqualified.