**Robert L. LEE, Plaintiff and Appellant,**

v.

**RAPID CITY AREA SCHOOL DISTRICT, NO. 51–4, Defendant and Appellee.**

**Nos. 18683, 18684.**

Supreme Court of South Dakota.

Submitted on Briefs Nov. 30, 1994.

Decided Jan. 25, 1995.

Kenneth E. Jasper, Rapid City, for plaintiff and appellant.

Thomas E. Simmons of Bangs, McCullen, Butler, Foye and Simmons, Rapid City, for defendant and appellee.

KONENKAMP, Justice.

After prevailing in an age discrimination claim in federal court, a retired teacher sought employee contract benefits in state court, but was denied on summary judgment. We affirm.

### FACTS

On April 2, 1987 the Rapid City Area School District (School District) notified sixty-five-year-old Robert L. Lee that pursuant to SDCL 13–43–10 it would not renew his teacher's contract for the 1987–88 school year. Lee requested a hearing before the Board of Education. He also filed grievances through his union. While these proceedings were still pending, Lee and the School District reached a settlement. In exchange for Lee's resignation and withdrawal of his grievances, the School District agreed to pay Lee $20,000. Lee signed a settlement agreement dated May 27, 1987 and accepted the $20,000, but refused to sign a release so as to preserve his federal age discrimination claim. Lee filed suit in United States District Court pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (ADEA), which resulted in an award of $128,612. *Lee v. Rapid City Area School Dist.,* 981 F.2d 316 (8th Cir.1992). This award took into account the $20,000 settlement.

On June 24, 1993, Lee started suit in circuit court to recover his early retirement benefits and severance pay. Both sides moved for summary judgment. The School District contended Lee previously recovered these benefits when he accepted the School District's $20,000 settlement; Lee maintained that the $20,000 was paid solely for his resignation and withdrawal of his grievances. The settlement agreement did not itemize the $20,000, but the School District offered an affidavit from its Assistant Superintendent–Business Affairs to prove how it was computed and why the School District agreed to pay it. The trial court declined to consider the affidavit, however, because the language of the settlement agreement was unambiguous and parol evidence would be inadmissible to controvert its terms. SDCL 53-8-5. In its memorandum the trial court wrote:

> The plaintiff has received a verdict which awarded him the difference between what he was paid by the school versus what he should have been paid had he not been forcibly retired. Clearly any retirement benefit he was entitled to receive should have, and would have, been deducted from any amount of recovery obtained under the discrimination action. It would constitute double payment and would be patently unfair to require the school to pay an additional sum to cover a loss which already [has] been compensated. The defendant cannot lie in the weeds with an undisclosed claim for recovery, receive monies in judgment on one cause of action and then seek to recover monies on a separate cause of action which would have clearly been considered a set-off to the original claim resolved in Federal Court. Under the circumstances, the matter before this Court is one which could have and should have been presented to the Federal Court for its consideration to insure that a just verdict was rendered by that Court.

The court granted summary judgment against Lee based on res judicata concluding that the federal district court would have taken jurisdiction of Lee's state contract claim had Lee submitted it. The court also summarily denied the School District's request for sanctions. On appeal we address the following issues:

I. Is Lee's action barred by res judicata? If not,

II. Do other grounds exist to justify the trial court's grant of summary judgment?

III. Did the circuit court err in denying the School District's request for sanctions under SDCL 15-6-11?

### ANALYSIS

I. *Res Judicata and Federal Pendent Jurisdiction*

The School District points out that Lee made no claim during the federal proceedings that he was entitled to additional teacher benefits distinct from the $20,000. Lee counters that he was not required to assert such claims in a federal age discrimination suit and that such claim was not in fact considered. The pivotal question is: could Lee have raised his claim for lost benefits in his federal action? Res judicata precludes relitigation of issues previously heard and resolved; it also bars prosecution of claims that could have been raised in the earlier proceeding, even though not actually raised. *Wintersteen v. Benning,* 513 N.W.2d 920, 921 (S.D.1994); *Hogg v. Siebrecht,* 464 N.W.2d 209, 211 (S.D.1990). "When a party to litigation fails to develop all of the issues and evidence available in a case, the party is not justified in later trying the omitted issues or facts in a second action based on the same claim." *Wintersteen,* 513 N.W.2d at 922; *Du-Al Mfg. Co. v. Sioux Falls Const. Co.,* 487 N.W.2d 29 (S.D.1992); *Melbourn v. Benham,* 292 N.W.2d 335 (S.D.1980).

For reasons of "judicial economy, convenience and fairness to litigants," federal courts may join state and federal claims whenever these claims "derive from a common nucleus of operative fact" and are such that a claimant "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Although the Federal Rules of Civil Procedure permit joinder of these claims, such joinder is not compulsory, but a matter

of discretion. FED.R.CIV.P. 18; *Ross v. T.C. Bateson Const. Co.,* 270 F.2d 796 (5th Cir. 1959). The trial court evidently accepted the School District's argument that because the age discrimination claim and the contract claim were derived from "a common nucleus of operative fact," the federal district court could have exercised pendent jurisdiction over both claims. *United Mine Workers v. Gibbs, supra.*

A considerable split of authority exists on whether ADEA claims can be joined with state claims for breach of an employment contract arising out of the same employment termination. *See generally* 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3567.1 (1994 supp.). The Eighth Circuit Court of Appeals and the South Dakota federal district courts have not addressed this question.

Some courts believe these claims should be joined. *Ritter v. Colorado Interstate Gas Co.,* 593 F.Supp. 1279, 1283 (D.Colo.1984) ("I do not find that Congress in the ADEA has 'expressly or by implication negated the exercise of jurisdiction' over the plaintiff's pendent breach of contract or implied covenant of good faith dealing claims."); *Promisel v. First American Artificial Flowers,* 943 F.2d 251, 254 (2nd Cir.1991), *cert. denied,* 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992) (In an ADEA claim "[a] federal court's exercise of pendent jurisdiction over plaintiff's state law claims, while not automatic, is a favored and normal course of action."); *Cancellier v. Federated Dept. Stores,* 672 F.2d 1312 (9th Cir.1982), *cert. den.,* 459 U.S. 859, 103 S.Ct. 131, 74 L.Ed.2d 113 (1982); *Fellows v. Medford Corp.,* 431 F.Supp. 199 (D.Ore. 1977); *Rechsteiner v. Madison Fund Inc.,* 75 F.R.D. 499 (D.Del.1977); *see also Brown v. Trustees of Boston Univ.,* 891 F.2d 337 (1st Cir.1989), *cert. denied,* 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990) (state contract and federal discrimination claims joined).

Conversely, other courts have held that an ADEA claim and a breach of contract claim do not arise out of a common nucleus of operative fact and for that reason pendent jurisdiction does not exist. *Buchbinder v.*

*Weisser Companies, Inc.,* 679 F.Supp. 820 (C.D.Ill.1987); *Mason v. Richmond Motor Co.,* 625 F.Supp. 883 (E.D.Va.1986), *aff'd,* 825 F.2d 407 (4th Cir.1987); *Sanders v. Duke University,* 538 F.Supp. 1143 (M.D.N.C. 1982); *Kennedy v. Mountain States Tel. And Tel. Co.,* 449 F.Supp. 1008 (D.Colo.1978).

In *Cemer v. Marathon Oil Co.,* 583 F.2d 830 (6th Cir.1978), the court dealt with the issue of res judicata in connection with an ADEA claim and a state breach of contract claim. The court wrote:

> Both the first and second suits seek to remedy a single alleged wrong—the discharge of Cemer by Marathon. In view of the *diversity of the parties,* both the contract claim and the ADEA claim were within the original jurisdiction of the district court in the first action and should have been brought together. The failure to join them bars the instant suit, as the court below correctly held. (Emphasis added.)

*Id.* at 832. The *Cemer* court ruled that based on diversity of citizenship the lower court would have been obligated to accept jurisdiction over the contract claim had it been joined in the first suit. Yet the court commented:

> We need not reach the question whether a party must assert a separate claim arising from a single injury where the claim is merely within the *court's pendent jurisdiction.* We recognize that unlike a claim with the court's original jurisdiction, the adjudication of a pendent claim is committed to the district court's discretion and is not mandatory. (Citation omitted.) We do not resolve how the different policies thus implicated would bear on the scope of res judicata.

*Id.* at 832, n. 2.

In view of the unsettled state of the law, we simply cannot determine whether in its discretion the federal district court would have taken jurisdiction of Lee's state contract claim had he attempted to interpose it there. Under these circumstances the principles of res judicata, therefore, cannot be applied to bar Lee's present action in circuit court. *Accord Pfeiffer v. William Wrigley*

*Jr. Co.,* 139 Ill.App.3d 320, 92 Ill.Dec. 332, 484 N.E.2d 1187 (1985). This does not end our review of the trial court's grant of summary judgment, however. Affirmance of summary judgment is proper if any basis exists which would support the trial court's ruling. *Breen v. Dakota Gear & Joint Co.,* 433 N.W.2d 221, 223 (S.D.1988) (*citing Blote v. First Fed. Sav. & Loan Ass'n,* 422 N.W.2d 834, 836 (S.D.1988); *Uken v. Sloat,* 296 N.W.2d 540, 542 (S.D.1980)).

## II. *Lee's Settlement Agreement Superseded the Negotiated Agreement*

■ As a classroom teacher Lee was represented by the Rapid City Education Association (RCEA) and covered by the Negotiated Agreement between the RCEA and the School District. Pursuant to this Negotiated Agreement, on the effective date of his resignation, Lee was entitled to an early retirement benefit of $5,464.80, plus severance pay based upon accumulated, unused sick leave in the amount of $8,224. Thus the School District owed Lee upon retirement a total of $13,689. The settlement agreement specifically recited that the $20,000 was being paid to Lee in exchange for his "retirement notice ... effective May 27, 1987." Lee testified that he actually retired the day before the last school day:

> Q. And the School Board accepted that so that you could receive some benefits?
>
> A. That's correct. They called me an early retiree.

Lee offers no hint on why the School District would pay him this money if not for what he was entitled to under his contract. Lee simply argues that since the settlement agreement did not itemize how the amount was computed, he did not receive his due under the Negotiated Agreement. Yet the evidence offered at the summary judgment hearing was uncontradicted: The $20,000 settlement encompassed all Lee's contract entitlements. Lee's union, RCEA, negotiated this settlement for him, just as it had represented all the teachers in arriving at the original Negotiated Agreement. "A contract in writing may be altered by a contract in writing...." SDCL 53–8–7. *See also* 17A Am.Jur.2d *Contracts* § 512 (1991) ("The original contract generally remains in force except as modified or superseded by the new agreement. Upon the execution of a valid and legal substituted agreement the original agreement merges into it and is extinguished ..."). Lee's settlement agreement and receipt of $20,000 extinguished his claim under the Negotiated Agreement for the severance pay and early retirement benefit he now seeks. We uphold the grant of summary judgment on this basis, although it was not the rationale the circuit court applied.

## III. *Sanctions*

■ The School District requested the circuit court to grant $2,982 in sanctions under SDCL 15–6–11. Sanctions can be imposed where a party engages in successive filings when it is clear that the assertion urged in the repeat claim was resolved or could have been resolved in the earlier one. *Crowley v. Spearfish Ind. School Dist.,* 445 N.W.2d 308 (S.D.1989).

The circuit court made no findings in denying sanctions. SDCL 15–6–11(c) clearly states, "The court shall make findings of fact and conclusions of law for every order entered pursuant to this section." Where a trial court fails to make the requisite findings and conclusions on a sanctions request, we have previously held that "the request for review is not properly before this court." *Wang v. Farmers State Bank of Winner,* 447 N.W.2d 516, 519 (S.D.1989). The School District argues that it should not have to submit proposed findings against its own position to preserve its record for appeal. We acknowledge this dilemma, but the record shows no attempt to bring the lack of findings to the court's attention. Under these circumstances, we must demur. Based on the state of the record we decline to review the denial of sanctions.

■ The School District also seeks sanctions on this appeal. We apply an objective standard to determine whether Lee's action was reasonable under the circumstances. *Anderson v. Production Credit Ass'n,* 482 N.W.2d 642, 645 (S.D.1992). Sanctions are not warranted simply because summary judgment was awarded (*Hogg,* 464 N.W.2d at 212); nor should we impose sanc-

tions simply because an appellant is unsuccessful. SDCL 15–6–11(d). Inasmuch as the $20,000 settlement was not itemized to indicate how it was arrived at and in view of the uncertain correlation between federal pendent jurisdiction and the principles of res judicata, we conclude Lee had a scarcely tenable basis for his suit. For these reasons we decline to order sanctions.

Affirmed.

MILLER, C.J., SABERS and AMUNDSON, JJ., and WUEST, Retired Justice, concur.